DANIEL G. McMILLAN v. W. R. LOVE.

Summary proceedings before a Justice of the Peace, under the "Landlard and Tenant" act, cannot be sustained against a mortgagor, who holds over after a sale of the mortgaged premises.

The assignee in Bankruptcy of such mortgagor, is entitled to a writ of restitution, upon the dismissal of the plaintiff's proceedings.

(*McCombs* v. *Wallace*, 66 N. C Rep. 481; ———— at this term; and *Perry* v. *Tupper*, 70 N. C. Rep. 538, cited and approved )

SUMMARY PROCEEDINGS, in the nature of Ejectment, tried before his Honor, *Judge Buxton*, at the Spring Term, 1874, of CUMBERLAND Superior Court.

The plaintiff originally instituted proceedings under the "Landlord and Tenant" Act, before a Justice of the Peace, which were brought by the appeal of the defendant, to the Superior Court.

The facts, as they appeared on the trial below, are substantially as follows:

The defendant and wife, on the 4th September, 1869, executed a mortgage to one Baker, to secure the sum of $800, due six months thereafter, with a power of sale, in case the payment was not made. The note not being paid by defendants at maturity, Baker sold the mortgaged premises, and the plaintiff purchased the same. On the 16th day of May, 1870, Baker made a deed to plaintiff for the premises, then in possession of defendant.

On the 7th December, 1870, the plaintiff executed a deed to the said M. A. Baker, conveying to him a strip off of the land, 230 inches wide, the same being a lot in the town of Fayetteville. Baker testified, that he sold the land under the mortgage, at public sale to the plaintiff for $780, which sum the plaintiff paid him. It was a *bona fide* transaction; the plaintiff paid his own money, and afterwards sold to him, Baker, the strip mentioned.

It was insisted for the defendant, that he was no such tenant

as came under the provisions of the "Landlord and Tenant" act, and that the plaintiff could not evict him under proceedings brought in a Justice's Court. Of this opinion was his Honor, and so instructed the jury, who returned a verdict for the defendant. The defendant then moved for a writ of restitution, as the original defendant had been removed from possession by the judgment of the Justice of the Peace.

This motion the plaintiff resisted on two grounds:

(1.) It was a matter discretionary with the Court, whether to grant the writ or not; and this was not a proper case for the exercise of such discretion.

(2.) That the rights of W. R. Love, the original defendant, in the property, had passed from him, by his assignment in bankruptcy, so that he could not be restored to the possession. And as for the present defendant, D. G. McRae, the assignee, he could not be restored to the possession, for he never had it —the right of restitution being a personal right to the bankrupt.

His Honor, after argument, granted the writ in favor of McRae, the assignee, and rendered judgment against the plaintiff.

From this judgment, plaintiff appealed.

*B. Fuller*, for appellant.
*Hinsdale* and *Guthrie*, contra.

Pearson, C. J. This case does not come within the operation of "the Landlord and Tenant act." *McCombs* v. *Wallace*, 66 N. C. 481, and ———— at this term.

The writ of restitution was a matter of course according to the principle established by *Perry* v. *Tupper*, 70 N. C. 538.

The position, "there can be no restitution to Love for all of his rights passed by the assignment, in bankruptcy, and there can be no restitution to McRae, *for he never had possession*, is a mere play upon words. McRae, as assignee, in the forcible language of the books, stands *in the shoes* of Love; that is, he takes his place, and becomes entitled to all of his rights in re-

spect to property, as distinguished from his rights in respect to his person.   These are not at all interfered with by the order to put McRae in possession of the land, in regard to which, this proceeding was instituted before a Justice of the Peace. The Justice of the Peace had no jurisdiction, his action was void, and the due administration of the law requires that the parties should be put in *statu quo.*"   No error.

Per Curiam.                                    Judgment affirmed.