## C. B. RILEY v. ALLEN JORDAN.

One who enters upon land, under a contract of purchase, cannot be evicted therefrom by summary proceeding under the Landlord and Tenant Act. But if the party so entering, unconditionally surrenders his rights under the contract of purchase, and enters into a contract of lease, he may be evicted by summary proceeding under that Act; and it is not necessary that he should actually surrender the possession of the land, and receive it again at the hands of the lessor.

(*McCombs* v. *Wallace*, 66 N. C. Rep., 481; *McMillan* v. *Love*, 72 N. C. Rep., 18, cited and approved.)

SUMMARY PROCEEDING in *Ejectment*, under the Landlord and Tenant Act, tried before BUXTON, J., at Spring Term, 1876, of MONTGOMERY Superior Court, upon appeal from a Court of a Justice of the Peace.

The affidavit of a tenancy and holding over was made by the plaintiff, who claims the possession of the premises as the assignee of P. C. Riley. The affidavit was made January 20th, 1876, and the term of the defendant was alleged to have expired December 31st, 1875.

The defendant in his answer denies the lease and alleges that he purchased the premises from one Neill Gattis, through P. C. Riley as agent. That P. C. Riley advanced the purchase money and as a security therefor took the title in his own name. That he agreed to wait with the defendant for repayment upon receiving 12½ per centum per annum upon the amount advanced. He entered upon the premises in October, 1871, in pursuance of this agreement, and has complied each year with his contract, and has always been recognized by P. C. Riley as the purchaser and owner of the premises. He denies that the relation of landlord and tenant has ever existed between the plaintiff or his assignor and the defendant.

Upon reading the answer the defendant insisted that it

was apparent that the title to the property came in question, and moved the Court to dismiss the action upon the ground that a Justice of the Peace had not jurisdiction thereof.

The plaintiff insisted that upon a development of the case it would appear that the title to the property was not involved, and that the evidence would disclose a case of tenancy.

His Honor overruled the motion to dismiss, *pro tempore*, and a jury was empannelled. To this ruling of the Court the defendant excepted.

It was in evidence that in 1871 P. C. Riley purchased the *locus in quo* at the request of the defendant, taking a deed therefor in his own name. The defendant then entered into possession under a verbal contract of purchase. The defendant was to repay the $200 and $25 annually as rent, as claimed by the plaintiff, but as interest as claimed by the defendant, until the repayment of the $200. The $25 was regularly paid by the defendant under this agreement, but no part of the purchase money was paid until May 26th, 1875, when P. C. Riley, being on the eve of leaving the State, he and the defendant adopted a different arrangement. There was evidence tending to show that on that day the defendant agreed to relinquish his claim to the *locus in quo* and to pay rent for the balance of the year, and at the end of the year to surrender the possession to P. C. Riley.

The defendant introduced evidence tending to show that on the day aforesaid, in order that Riley's family might not be disturbed in his absence by unsettled business between himself and the defendant, the defendant agreed to relinquish his claim on the *locus in quo*, provided Riley should not get back, and on the further condition that he should be reimbursed for certain improvements which he had made, all

of which conditions had failed, as P. C. Riley had returned, and he had not been reimbursed for his improvements.

There was no dispute as to the assignment by P. C. Riley to the plaintiff.

The defendant asked his Honor to charge the jury :

1. That if the defendant was let into possession under a contract of purchase, he was entitled to a specific performance, consequently a Justice of the Peace did not have jurisdiction and the jury should find a verdict for the defendant.

2. That it was necessary for the affidavit of the plaintiff to allege that the defendant *entered* as tenant to entitle him to a verdict.

3. If there was anything to be done by P. C. Riley which he had not done, or if there were any conditions to be performed by him, the conditions must have been performed before a verdict can be rendered against the defendant.

4. That if the defendant entered upon a contract of purchase he could not surrender possession as such purchaser, so as to render himself liable to this proceeding, without actually coming out and then returning as tenant. There must be a going out of possession by Jordan, and then a going back by him—and as that had not been done the defendant was entitled to a verdict.

In response to the instructions asked his Honor charged the jury :

1. That if the defendant originally entered under a contract of purchase he was not liable to conviction under the landlord and tenant act, unless subsequently he unconditionally relinquished his interest in the contract and agreed to remain there, paying rent to Riley ; in that event he would become such a tenant as would render him subject to the jurisdiction of a Justice of the Peace.

The defendant excepted.

2. That it was not necessary to aver that the defendant

*entered* as tenant, if being *in*, the defendant agreed uncon-
ditionally to be a tenant.

The defendant excepted.

3. His Honor charged as requested.

4. That the formality of going out and then going back
was not necessary to constitute a tenancy within the purview
of the act, if there was an absolute relinquishment by the
defendant of his contract of purchase and an unconditional
agreement to become a tenant.

The defendant excepted.

The following issue was submitted to the jury by his
Honor:

Did the defendant unconditionally relinquish the original
contract of purchase on the 26th day of May, 1875, and
agree to pay rent for the remainder of the years?

The jury responded to this issue : Yes.

There was a rule for a new trial; the rule was discharged
and judgment of eviction rendered against the defendant,
and thereupon he appealed.

*Wilson & Son*, for the appellant.
*Neill McKay* and *S J. Pemberton*, contra.

READE, J. The defendant entered under a contract of
purchase and while so possessed a Justice of the Peace would
have had no jurisdiction to oust him under the Landlord
and Tenant Act. *McCombs* v. *Wallace*, 66 N. C. Rep., 481 ;
*McMillan* v. *Love*, 72 N. C. Rep., 18.

But the defendant unconditionally surrendered that con-
tract and his rights under it and agreed to hold under a
new contract of lease. This brought the case under the
Landlord and Tenant Act and gave the Justice of the Peace
jurisdiction.

The point made by the defendant was, that in order to
change his relation with the plaintiff he must have used the

actual ceremony of going out of possession as purchaser, and returning as lessee.

We agree with his Honor that that was not necessary for the purposes of this suit.

No error.

PER CURIAM.                                Judgment affirmed.