JACKSON B. HARE, Adm'r. v. SALLIE D. JERNIGAN and others

*Deed -- Not Valid Without Registration.*

A deed executed and delivered but never registered does not pass the
    legal estate; *Therefore*, where A purchased and obtained a deed in fee
    to real estate, which was never registered and thereafter the grantor at
    A's request executed and delivered a deed in fee to A's wife for the
    same land, which deed was duly registered, (A having other property
    fully sufficient to satisfy all his then creditors;) *Held*, that A's wife ac-
    quired an absolute estate in the land.

*(Triplet* v. *Witherspoon,* 74 N. C. 475; *Wilson* v. *Sparks,* 72 N. C. 208;
    *Hogan* v. *Strayhorn,* 65 N. C. 279; *McMillan* v. *Edwards,* 75 N. C. 81;
    *Linker* v. *Long,* 64 N. C. 296, cited, distinguished and approved.)

CIVIL ACTION, tried at Spring Term, 1876, of HERTFORD
Superior Court before *Moore, J.*

In February, 1866, the plaintiff's intestate, John H. Jerni-
gan, bought of one Jacob Sharpe a water mill for the sum
of $6,350 and obtained a deed in fee simple. He took pos-

session of the same and expended in repairs, &c., about $1200 of his own funds.

In June, 1866, Sharpe, at the request of said intestate, executed in his presence a deed for the same mill to the defendant Sallie D. Jernigan, the wife of intestate J.H.Jernigan, who delivered the deed to his wife in the absence of Sharpe.

Sharpe stated that he thought the first deed was surrendered to him and destroyed.

The deed to Mrs. Jernigan was registered after the death of her husband which occurred in 1870; but the said deed of February, 1866, was never proved or registered. The only money paid to Sharpe in consideration of said purchase was by the intestate at the date of first deed. In February, 1868, Jernigan and wife conveyed the said property to the other defendant, Seth Nowell, and took in payment several notes made payable to defendant Sallie D. Jernigan, which she has since held and claimed as her own property.

These notes are the subject of this action and the plaintiff as administrator of Jernigan demands judgment for the sum due thereon to the end that it may be applied to the payment of the outstanding debts of his intestate.

· It was admitted that the intestate was solvent until 1868, when he became insolvent and continued so until his death in 1870.

The facts found by the jury were:

1. "That in June, 1866, the date of the deed to Mrs. Jernigan, the intestate owned property in his own right of the value of $6800, exclusive of said mill; that he expended on the mill $1200, and was indebted $2300."

2. "That the surrender of the deed to himself and the execution of the deed to the defendant were not done or procured to be done by the plaintiff's intestate with the intent to defraud creditors."

Upon this finding, His Honor declared that in June, 1866,

the plaintiff's intestate retained property fully sufficient and available for the satisfaction of all his then creditors, and held that the title to said property under the deed of February, 1866, remained in John H. Jernigan, (notwithstanding the alleged surrender,) until divested by the sale to Nowell, in February, 1868.

The said intestate being insolvent at the time of said sale, His Honor was also of opinion that the proceeds of the same should be chargeable with the payment of his debts and gave judgment in favor of the plaintiff. Appeal by defendants.

*Mr. Walter Clark*, for plaintiff.
*Messrs. Moore & Gatling* and *Gilliam & Pruden*, for defendants.

BYNUM, J. Suppose the deed from Sharpe to John H. Jernigan had been duly registered so as to pass the title to him, in February, 1866, and that in the following June, Jernigan had conveyed to the use of his wife by deed duly registered. The title of the wife would have been good against all the world, for upon a proper issue submitted, the jury have found that at the time of the execution of the the second deed, the husband owned property subject to execution twice the amount of his debts, and upon that finding the Court adjudged, as matter of law, that Jernigan "retained property fully sufficient to satisfy all his then creditors;" and from that judgment the plaintiff does not appeal. The jury also found by their verdict, that the surrender of the first and execution of the second deed, were "without the intent to hinder, delay or defraud creditors." Upon such a view of the case, of course the plaintiff could not recover. Hence he is compelled to take the ground that the first deed vested the legal estate in John H. Jernigan, and that the deed of Jernigan and wife, executed to Nowell

in 1868, was the conveyance of the husband's land, and that he being then insolvent, the deed was fraudulent as against his creditors and that the notes for the purchase money belonged to his estate.

This presents the single question, whether a deed executed and delivered, but never registered, passes the legal estate. It is indisputably settled in North Carolina, that it does not, under our statute, Bat. Rev. ch. 35, § 1. *Triplett v. Witherspoon,* 74 N. C. 475; *Wilson* v. *Sparks,* 72 N. C. 208; *Hogan* v. *Strayhorn,* 65 N. C. 279; *McMillan* v. *Edwards,* 75 N. C. 81.

The title therefore not having passed to John H. Jernigan by the deed of February, remained in Sharpe, the bargainor, and was by him passed to Mrs. Jernigan by the deed of June, which was duly proved and registered. The husband having means "fully sufficient" to pay all his debts after the purchase of the land, and the jury having negatived all fraudulent intent as to creditors, it was certainly lawful for him to direct the deed to be made to his wife or any body else. It was his own concern.

*Linker* v. *Long,* 64 N. C. 296, cited by Mr. Clark, has no application, for there the deed was registered and the registration related back, so as to pass the title from the date of the deed. The deed was therefore admissible as evidence of title, although it had been re-delivered by the bargainee to the bargainor.

The maxim *eo legamine quo legatur* has been shorn of much of its unrelenting nature. All mortgages and deeds of trust though proved and registered, may now be discharged and the title be revested in the grantors, by a simple endorsement upon the margin of the Register's book, that the provisions thereof have been satisfied. Bat. Rev. ch. 35, § 29. As the title to lands may be thus passed without deed, so on the other hand, the title sometimes cannot be passed

by a deed duly executed and delivered without other ob-servances. The whole matter is regulated by statute.

The exceptions to evidence, taken by the plaintiff in the progress of the trial and overruled by the Court, cannot be considered, as no appeal appears to have been taken by him. They appear not to have been insisted on in this Court, and we take it that they were abandoned as untenable.

There is no error. The defendant, Sallie D. Jernigan, is entitled to judgment against the plaintiff on the verdict, and we are of opinion that she is entitled to judgment against her co-defendant, Nowell, upon the notes. C. C. P. § 248.

The judgment is reversed and the case remanded to be proceeded with in accordance with this opinion.

Error.

PER CURIAM.                    Judgment reversed.