W. G. DURANT v. T. A. TAYLOR.

*Landlord and Tenant—Jurisdiction.*

1. In an action brought in a justice's court by a landlord to recover the crop to secure rent alleged to be due under a contract of lease, the defendant tenant denied the contract and set up title to the land ; and it appeared there had been an adjustment of the conflicting claims to the land, and an agreement entered into that the defendant should remain in possession of and cultivate the land upon payment of part of the crop as rent ; *Held,* that the relation of lessor and lessee existed under the contract, which is supported by a sufficient consideration.

2. *Held further,* that the justice of the peace has jurisdiction, as the title to the land is not in controversy—the action depending exclusively on the contract. But the defendant is not precluded from setting up title in a proper case, since an estate in land, other than a lease, cannot pass by parol.

(*Riley* v. *Jordan,* 75 N. C., 180 ; *Foster* v. *Penry,* 77 N. C., 160, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of UNION Superior Court, before *Shipp, J.*

This action was brought to recover a part of a crop grown upon land under an alleged contract of lease. The defendant denied the contract and claimed title to the land.

The evidence for the plaintiff was to the effect that he was the owner of the land, having bought the same from the heirs of Thomas Cureton, deceased ; that the defendant had been living on the land for some years, professing to hold under one Wolfe ; when the plaintiff entered upon the same after his purchase, the defendant indicted him for trespass, and upon the proposition of Wolfe, the matter was settled by an agreement between the plaintiff and defendant (in presence of several parties named) that the defendant should cause a *nolle prosequi* to be entered in the criminal action and become the tenant of the plaintiff at a rental of one-third of the crops raised upon the land, but this contract of

tenancy was to cease, provided the defendant, within a stated time, exhibited title-deeds covering the land, and if not, the tenancy was to continue. The defendant failed to have the land surveyed and show title, and the plaintiff demanded his rent, which being refused, this suit was brought for its recovery.

The defendant testified that the said contract applied only to seven acres, and not to the whole tract, and that he did not agree to become the tenant of plaintiff, unless he failed to show title, and no time was fixed within which he was required to do so.

There was further evidence on behalf of both parties, but it is not necessary to an understanding of the opinion that the same should be stated.

Under the instructions of the court, the jury rendered a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. Hinsdale & Devereux* and *Covington & Adams*, for plaintiff.

*Messrs. Payne & Vann*, for defendant.

SMITH, C. J. This action, begun on the 24th of July, 1882, before a justice of the peace and removed by appeal to the superior court, is for the specific recovery of one-third part of the wheat and oats grown upon land cultivated by the defendant, alleged to be due the plaintiff as rent contracted to be paid him.

The defendant denies the contract, and sets up title to the land in himself, in opposition to any such agreement or liability for the use of the land.

The defendant's appeal raises the question of jurisdiction, as involving an inquiry into the title to land, which, if an element in the controversy, places the case beyond the cognizance of a justice and equally so of the superior court upon the appeal.

The action is given the landlord to get possession of the crops raised by the tenant so as to enforce his lien for rent, and here, as it consists in kind, the plaintiff sues not for the whole, but for

his part. The right to recover depends upon the existence of the relations of lessor and lessee between the parties arising under contract, express or implied, supported by a sufficient consideration, and here alleged to be by express agreement under a compromise of conflicting claims as to the land, by virtue of which the defendant was to remain in possession and cultivate it, paying as rent for the use, the one-third part of the specified crops grown thereon.

There is a sufficient consideration shown in the testimony of the plaintiff to sustain the contract, if entered into (and the finding of the jury established the fact that it was), to warrant the exercise of jurisdiction and to uphold the ruling in proceeding to a final determination of the cause.

In this view, the title to the land, whether in the plaintiff or in the defendant, does not come in controversy, and such inquiry is wholly irrelevant to the issue to be decided. If there was a contract between the parties, by which the one left in possession agrees to pay rent to the other asserting a claim, whether well founded or not, as an adjustment of a pending dispute, the obligation may be enforced and no proof of title in the tenant is admissible to defeat the action. Hence, "the title to real estate" does not come in controversy and oust the justice's jurisdiction. The only inquiry in such case is, was the contract made and had it a sufficient consideration? If this issue is answered in the affirmative the plaintiff recovers, if not, he fails in the action.

The maintainance of the present suit does not stand in all respects upon the same ground as one for the recovery of possession of land instituted in a justice's court, and under the same restrictions as to the formation and termination of a tenant's estate; and yet in the latter it is held unnecessary for a person in possession contracting to hold as lessee or tenant, to go out and re-enter, in order to come under the estoppel created under the contract. *Riley* v. *Jordan*, 75 N. C., 180; *Foster* v. *Penry*, 77 N. C., 160.

While the result of this action depends exclusively on contract,

excluding an examination of the defendant's title as an immaterial matter, it may be unnecessary to say that he is not precluded from setting it up in a proper action, since an estate in land, other than a lease, cannot pass by parol. There is no error, and the judgment is affirmed.

No error. ·                         Affirmed.