JOHN DAVIS v. ALBERT HIGGINS.

*Deed, registration of—Hand-writing, proof of—Color of Title— Ejectment—Evidence—Parties—Plaintiff's transfer of interest.*

1. Where the maker and subscribing witnesses to a deed are dead, proof of the hand-writing of one of the witnesses thereto is sufficient to authorize its probate and registration; and if the witness states he is well acquainted with the hand-writing of the deceased witness, he is qualified to testify; and if the land is situate in two counties, probate of the deed before the clerk of either county is sufficient.

2. An ancient deed accompanied with possession is evidence of color of title without proof of its execution; and an unregistered deed, where there has been a continuous adverse possession for seven years, is also evidence of color of title.

3. The rule that plaintiff is entitled to recover all the land described in the deed to himself, not covered by actual occupation or *possessio pedis* for thirty years, does not apply to a case where the evidence shows that defendant's possession, extending over that period, was under deeds with definite boundaries professing to pass title.

4. One who is interested in the result of a suit and employs counsel to attend to it, is not thereby made a party of record; nor does a published notice requiring him to plead have that effect. Such one is not judicially known in the case, and therefore not exposed to judgment.

5. Where the plaintiff transfers his interest in the subject matter of controversy, the cause may still proceed in his name, or the assignee may be allowed to be substituted in his place. THE CODE, § 188.

6. And if such plaintiff sues *in forma pauperis* and the fact of his assignment is properly brought to the notice of the court, the action will be dismissed, unless security be given for its prosecution.

(*Burnett* v. *Thompson*, 13 Ired., 379; *Carrier* v. *Hampton*, 11 Ired., 307; *Barwick* v. *Wood*, 3 Jones, 306; *Plummer* v. *Baskerville*, 1.

DAVIS *v.* HIGGINS.

Ired. Eq., 252; *Campbell* v. *McArthur*, 2 Hawks, 33; *Hardin* v. *Barrett*, 6 Jones, 159; *Berryman* v. *Kelly*, 13 Ired., 269; *Moore* v. *Fuller*, 2 Jones, 205; *Thompson* v. *Red*, *Ib.*, 412; *Johnson* v. *Swain*, Busb., 335, cited and approved.)

EJECTMENT, commenced in McDowell and removed to and tried at Fall Term, 1883, of RUTHERFORD Superior Court, before *Gilmer, J.*

The plaintiff, suing with leave of the court *in forma pauperis*, prosecutes his action to recover possession of the land described in the complaint, alleging the title to be in himself and a wrongful withholding by the defendant. These allegations are directly denied in the defendant's answer, and the only issue submitted to the jury was in this form :

Is the plaintiff the owner in fee and entitled to the possession of the land sued for? To this inquiry the response is, that he is not.

The action was commenced on February 10th, 1880, in the superior court of McDowell, in which county the land is situate, and was removed by consent at spring term, 1882, to the county of Rutherford, and there tried. At the same term and previous to the order of removal, the defendant filed an affidavit wherein he states, that sometime during the previous year the plaintiff executed a quit-claim deed conveying all his interest in the land to certain parties, whose names he mentions, and that they soon after by a similar deed conveyed the same to one Allan Schenck, a wealthy resident in the city of New York, in trust for an association of organized capitalists, who were engaged in mining for gold, and that the suit was now carried on in their interest and for their benefit alone. He thereupon asked that notice be issued to the plaintiff and he be required to give a justified undertaking with sureties to secure his costs, should the plaintiff fail in his action. No response appears in the record to have been made to the application.

At spring term. 1883, of Rutherford superior court, the

defendant made a motion, founded upon the facts contained in his affidavit, to dismiss the action for the reason that the plaintiff had transferred all his interest in the land to others, and had none now in the pending controversy, while the suit was prosecuted solely for the benefit of the assignees. The motion was refused.

After the trial, pursuant to a notice given, while it was in progress, to opposing counsel, and upon a similar affidavit in substance but more minute in its details, the defendant moved that judgment be entered against said Schenck for his costs, inasmuch as notice had been published under an order of the court requiring the said Schenck to answer or demur to the complaint herein filed, or that judgment will be taken against him for the relief demanded in the complaint. The motion was allowed, and from the judgment against him the said Allen Schenck appeals.

*Mr. M. H. Justice,* for plaintiff.

*Messrs. Sinclair, Forney,* and *Batchelor & Devereux,* for defendant.

SMITH, C. J., after stating the case. From the judgment rendered upon the verdict the plaintiff also appeals, he being ·allowed to do so without giving the undertaking prescribed by law, and assigns error in the several rulings to which the exceptions contained in the record are taken. These we propose first to consider. ·

The plaintiff claimed under a grant issued to himself in 1874, which it was admitted covered the land in dispute and put the title in him, unless it had been previously divested, and the state then had none to convey. In deducing his title from older deeds and long and continuous possession under them, the defendant introduced a deed from James James to Roberts, Bryan & Hardin, bearing date on March

1st, 1830, to the admission of which objection was made by the plaintiff, on the ground of an insufficient probate and unauthorized registration. The probate was before the clerk of Haywood county, and after registration there, upon his certificate, transmitted to McDowell, when probate was again adjudged by the clerk of that county, and the deed again put upon the register's book. The form of the probate was as follows :

"STATE OF NORTH CAROLINA, ⎫
 HAYWOOD COUNTY. ⎭

I, J. K. Boone, clerk of the superior court of Haywood county, do hereby certify that the execution of the foregoing and annexed deed of conveyance was duly proved before me this day by the oath and examination of A. Higgins, who being duly sworn says that James James, the maker thereof is dead, and that William Moore and John Woody are dead or beyond the limits of the state. And it is further proved by the oath and examination of L. L. Moore, that he is well acquainted with the hand-writing of the said William Moore, and that the name of the said William Moore, subscribed as a witness to said deed, is in the proper hand-writing of the said William Moore.

Let the same with this certificate be registered. Given under my hand and official seal this 20th day of November, 1883.

J. K. BOONE,
Clerk of the Superior Court of Haywood County."

The official seal is annexed to the certificate.

The appellant's objection is not pointed to any particular defect in the probate, as warranting registration in McDowell county, but we suppose it rests upon sub-division 8, of section 1246 of THE CODE, which provides specially for the case where both maker and subscribing witnesses are

dead or non-residents, and authorizes probate to be made before the clerk of the county where the instrument is sought to be registered, and declares such proof sufficient for registration therein.

It does not appear, the deed not being in the transcript, whether it contains also land lying in Haywood, or for what purpose the instrument was sought to be registered in Haywood; and hence, as error to be corrected must be shown, we are unable to see that the case comes under the provisions of the paragraph referred to, and is not within the terms of section 1248, which, when the lands conveyed lie in two counties allows proof before the clerk of either.

The probate is not obnoxious to the objection that the evidence is confined to the hand-writing of one only of the subscribing witnesses, for such is held sufficient in *Burnett* v. *Thompson*, 13 Ired., 379, nor that it is insufficient because the witness does not show how he acquired a knowledge of the hand-writing, as is held in *Carrier* v. *Hampton*, 11 Ired., 307.

A probate, in words almost identical with those before us, is declared sufficient in *Barwick* v. *Wood*, 3 Jones, 306, in the opinion in which PEARSON, J., uses this language: " We think where a witness states that he is *well acquainted* with the hand-writing, he is qualified to testify to it *prima facie.* * * * So the case is distinguishable from *Carrier* v. *Hampton*, for there the witness did not say he was *well* acquainted with the hand-writing, or even that he was acquainted with it, but swore merely that the signature was in the hand-writing of the grantor."

But the court permitted the deed to be read to the jury, being thirty years old and proving itself, as affording color of title to the defendant.

There was no error in the ruling even if we assume an insufficient probate, since an ancient deed, such as this, accompanied with a consistent possession under it, may be

read without proof of execution ; for as remarked by RUF-FIN, C. J., it is the accompanying possession of the land that establishes the authenticity of an ancient deed. *Plummer* v. *Baskerville*, 1 Ired. Eq., 252. To the same effect is 1 Greenl. Evi., §§ 144, 530.

And again, an unregistered deed is competent evidence of color of title rendered perfect by a continuous adverse possession of the land, according to its terms, for the period of seven years. *Campbell* v. *McArthur*, 2 Hawks, 33 ; *Hardin* v. *Barrett*, 6 Jones, 159.

No exceptions were taken by the plaintiff to the charge given to the jury ; none to the instructions prayed for by the defendant ; none asked for himself.

In the course of the argument of the plaintiff's counsel, he insisted on plaintiff's right to recover all the land described in the grant to himself, not covered by actual occupation or a *possessio pedis* for the period of thirty years or more, and read the case of *Berryman* v. *Kelly*, 13 Ired., 269, to sustain his contention, but no direction to this effect was requested before verdict.

After its rendition, the court was asked to note an exception to the omission to charge upon this point. This was declined because no such instruction was asked, the court adding that if it had been, it would have been refused, because it was not applicable to the proofs offered in this case.

Looking into the evidence of possession and acts of ownership, it will be seen that they were under deeds with definite boundaries professing to pass title, and not a naked occupation, nor mere acts done on the land unsupported by a paper title. These extended over a long period accompanied by deed as far back as 1830, and without such deed, shown in evidence, by the said James James as far back as 1808.

The exceptions of the plaintiff are untenable and we sustain the rulings to which they are taken.

DAVIS v. HIGGINS.

The appeal of Allen Schenck must be sustained.   He was not a party to the action, and although he may have acquired such title or claim as the plaintiff possessed during the progress of the suit, and, being directly interested in the result, may have employed counsel to aid in the prosecution of the suit, these acts did not, (nor did the ordered publication have that effect,) make him a party to it, so as to warrant any judgment against him.   The assignment put an end to the plaintiff's interest in the subject matter of controversy, and, under the former practice, if brought to the notice of the court in a plea since the last continuance, would have extinguished his cause of action.  Under the present system the cause may proceed, notwithstanding a transfer of the property, in the name of the original party, or the assignee may be allowed to be substituted in his place by the express provisions of the statute.   THE CODE, § 188.   Had the appellant applied to become a party plaintiff, the court would have required, as a condition in giving leave, that he should give security for prosecuting the action, as he would be outside of the order which dispensed with it for the plaintiff.   So, in our opinion, upon the facts brought to its attention, the court would have withdrawn the leave to sue *in forma pauperis* and dismissed the action, unless a proper undertaking was given, as the interest of the original plaintiff had ceased.

But certainly, when the plaintiff had conducted his suit to a verdict, it was not in the power of the court to charge the appellant, who is not judicially known in the action, with the costs incurred by the defendant in a successful resistance to it.

In the superseded form of ejectment, it was decided that the lessor's entry into possession of the land sought to be recovered, would defeat the action ; but in order to this, the entry must by a proper plea be brought to the notice

of the court. *Moore* v. *Fuller*, 2 Jones, 205 ; *Thompson* v. *Red*, *Ib.*, 412 ; *Johnson* v. *Swain*, Busb., 335.

It must be declared there is error on rendering judgment against the appellant Allan Schenck, and the same is re-versed with costs.

There is no error in the rulings brought up for review in the appeal of the plaintiff Davis, and they are affirmed.

No error in Davis' appeal.

Error in Schenck's appeal.

Judgment accordingly.