## WILLIAM HOWELL v. LARKIN RAY.

### *Deed—Probate—Judge's Charge.*

1. Where the grantor in a deed is dead, and the subscribing witness has been a non-resident of the State and not heard from for a number of years, and it is impossible to prove his hand-writing, the deed may be proved and registered upon evidence that the signature of the grantor is genuine, without proving the hand-writing of the subscribing witness.

2. Where in such cases, the evidence upon which the Probate Judge acted in ordering the registration is set out in full, and it appears that such evidence was insufficient, the registration is void.

(*Jones* v. *Blount,* 1 Hay., 238; *Blackwelder* v. *Fisher,* 4 D. & B., 204; *McKinder* v. *Littlejohn,* 1 Ired., 66; *Love* v. *Harbin,* 87 N. C., 249; *Starke* v. *Etheridge,* 71 N. C., 240, cited and approved; *Barwick* v. *Wood,* 3 Jones, 306; *Davis* v. *Higgins,* 91 N. C., 382; *Leatherwood* v. *Boyd,* Winst. 123, cited and distingushed; *Carrier* v. *Hampton,* 11 Ired. 307, cited and doubted as to one point).

CIVIL ACTION for the recovery of land, tried before *Shipp, Judge,* and a jury at Spring Term, 1884, of WATAUGA Superior Court.

The facts sufficiently appear in the opinion as to the first exception. The third exception was as follows :

His Honor told the jury that a person might acquire a title to land by a possession up to known and visible boundaries for thirty years without color of title, or by a possession of twenty-one years under color of title. The defendant complains that His Honor did not explain to the jury what known and visible boundaries were in law. There was no question made as to this at the trial. His Honor was not asked to explain it to the jury, nor was there any exception to his charge for this omission, nor indeed for any other charge given or omitted. His Honor asked at the conclusion of his charge if the counsel desired other instructions. The defendant did ask one which was given, and no other was requested, and no exception made.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. G. N. Folk* and *L. L. Witherspoon,* for the plaintiff.
*Messrs. J. W. Todd* and *D. G. Fowle,* for the defendant.

SMITH, C. J.   In deducing title to the land claimed in the action, the plaintiff introduces a deed dated some time in 1825, purporting to have been executed therefor by Thomas Calloway to Francis Brown and attested by a single witness, Hubert Brown. The deed had been proved in the county court of Ashe, and registered upon the examination and oath of one George Brown, who swore that he was well acquainted with the hand-writing of the maker, and that the signature was his.   The admission of the instrument in evidence was opposed by the defendant upon the sole ground that the hand-writing of the attesting witness had not been proved.   Thereupon the plaintiff showed that before the probate, the maker, Calloway, died, having been for some years previous insane; that more than ten years previous to the probate, the attesting witness had removed to Texas or some other distant State, and had never since been heard from, that he was quite young, and little known when he left, and it was difficult if not impossible to identify his hand-writing.   The deed was received and read to the jury, to which ruling the defendant excepted.

In *Carrier* v. *Hampton*, 11 Ired., 307, the bill of sale of the slaves had the mark of an attesting witness who could not write, and had been registered on proof of his death and the genuineness of the vendor's signature, but without stating the means by which the witness acquired the knowledge enabling him thus to testify.   The statute then in force, in terms admitted to registration deeds conveying land, when they "shall be acknowledged by the vendor or grantor or proved by one or more evidences upon oath," and when so proved and registered "the registry or copy of the record of any deed or conveyance, registered or recorded as by this act prescribed," was admitted in evidence in case the original was lost.   Rev. Stat., ch. 37, sec. 1, 2.

And so a written transfer of slaves was required to have and be proved by a subscribing witness, unless he was "dead or removed out of the State," and then the probate and registration could be given in evidence.   Sec. 21.   Commenting upon the inadequacy of these provisions, Ruffin, C. J., speaking for the court,

says, "There is no hesitation in holding that a deed for land and slaves would not be avoided by the accidental circumstance of the death of the subscribing witness and of the maker, whereby it could not be registered upon proof by the one or acknowledgment by the other. In such a case, we hold that *recourse may be had to the common law mode of proof for the purpose of registration*, as for the purpose of making the deed evidence at common law generally." *Carrier* v. *Hampton, supra.*

This clearly follows from the necessity of registration to give effect to the deed, yet it was only to such as were registered under the directions of the statute, that permission was given in case of loss of the original to use the registry or copy in its place.

This restriction was removed by subsequent legislation which authorizes the use of the copy without reference to the custody of the original of all conveyances by deed, which are "required or *allowed to be registered or recorded.*" Rev. Code, ch. 37, §16, and this is the present law. *Code*, §1251.

Under the former statute, a deed for land not provided for in it, might be registered by the proof admissible at common law, to give it full efficacy, but the copy could not be used in evidence, and it was necessary again to prove it on the trial. By the amendment, if properly put upon the registry, the copy could be used, whether the proof be such as the statute mentions or such as the common law sanctions, according to the opinion in the case cited.

At common law, when the subscribing witness to a deed or bond is dead or his residence unknown, and *his* handwriting cannot be proved, that of the obligor or maker may be. *Jones* v. *Blount*, 1 Hay., 238; *Blackwelder* v. *Fisher*, 4 D. & B., 204; *McKinder* v. *Littlejohn*, 1 Ired., 66; *Love* v. *Harbin*, 87 N. C., 249.

The attesting witness Hubert Brown, had been absent from the State; not heard from for more than ten years when the proof was offered of the execution of the deed in the probate court; his place of residence, if living, unknown, and his handwriting very difficult of recognition by witnesses.

These facts then existed, and if, as we must infer from the admission of the evidence, they were known to the Court, fully warrant the form of probate adopted. Under such conditions it was proper to receive proof of the signature of the grantor to the deed, as the only available means left to put it on the registry, and, as a judicial act, it must be presumed the attending circumstances were shown to the Court to sustain the action in the premises, upon the maxim so often cited *omnia præsumuntur rite esse acta,* and the legal presumption finds support in the evidence adduced at the trial.

In *Starke* v. *Etheridge,* 71 N. C., 240, the only written memorandum of probate, was the word *jurat* opposite the name of a subscribing witness, and the deed was adjudged to have been sufficiently proved by the oath of the clerk that it was properly proved, and that he intended to put the probate in proper form afterwards. In the opinion, Bynum, Judge, defending the admission of this aiding testimony, used this language: "As the validity of the registration may be thus impeached, so it may be supported by the same kind of evidence."

While the parol proof was received to show what transpired at the time before the clerk, and not merely the outside facts then existing, and in this respect differs from the case before us, yet the presumption of the rightfulness of what was done, in the absence of any evidence to the contrary, is strengthened by present proof of them.

The cases in which an attempted probate has been adjudged insufficient to authorize registration, do not furnish an adverse precedent to control this under examination. In them the evidence was set out in full, as given by the witnesses, and the defect was apparent; and as such testimony orally delivered at the trial would be incompetent to prove execution, so when shown as the only evidence on which the probate was adjudged, the Court must see and declare that the execution of the instrument had not been proved and could not be registered.

33

Thus in *Carrier* v. *Hampton, supra,* the insufficiency consisted in the omission of the witness who testified to the hand-writing, to show his own competency, and how he acquired a knowledge of the hand-writing to enable him thus to testify. This was, however, overruled in *Barwick* v. *Wood,* 3 Jones, 306, and this last case is followed in *Davis* v. *Higgins,* 91 N. C., 382.

Again, in *Leatherwood* v. *Boyd,* Winst. (60 N. C.,) 123, the subscribing witness undertakes to state all that occurred at the time of the execution, and fails to show that his own attestation of the will was in the testator's presence, an essential part of the execution.

The imperfection is in these cases apparent in the form of the probate, and no room is left for the inference that in performing a judicial act competent to be done, whatever ought to have preceded to make it rightful and proper will be accepted as having taken place *ut res magis valeat quam pereat.* This is the aspect of the present entry upon the deed, and it must be assumed that those circumstances existed and were shown, necessary to let in proof identifying the hand-writing of the grantor. There is, therefore, no error in the ruling to which the exception is taken. The second exception is abandoned and the untenableness of the other, not pressed in the argument for the appellant, is so manifest that we dismiss it without comment.

The judgment is affirmed.

No error.                                                    Affirmed.