MARY F. ANDERSON v. G. W. LOGAN and CARTER BURNETT.

*Deed—Probate—Registration—Evidence—Handwriting*

1. No legal estate in lands will pass until the deed of conveyance has been duly proved and registered.

2. Where it appears that the evidence upon which the probate was taken, is essentially defective, a registration thereon is void.

3. It is not now necessary that the witnesses to prove the signatures of dead or non-resident witnesses to, or makers of, a deed, shall state the grounds upon which their opinion of the genuineness of the signatures is formed; but it is necessary that they shall depose that they are well acquainted with the handwriting of the subscribing persons, and that their signatures are genuine.

This is a CIVIL ACTION, and was tried before *MacRae, J.*, at Fall Term, 1887, of RUTHERFORD Superior Court.

The plaintiffs, in the necessary deduction of title to land, claimed in the action, and denied by the defendants, offered in evidence upon the trial before the jury a deed, purporting to have been executed by Vaney McBee, D. Reinhart and R.

G. Twitty—the latter as executor of Joseph Bowen—to Mildren Bowen, with Jacob Michael and B. F. Logan as attesting witnesses, conveying the lot, and which had been registered upon the following certificate of probate:

STATE OF NORTH CAROLINA, ⎱
      RUTHERFORD COUNTY. ⎰

This the 19th day of March, 1868, came before me, W. M. Shipp, one of the Judges of the Superior Court of Law and Equity, A. G. Logan, who swore that he was well acquainted with the handwriting of Jacob Michael and B. F. Logan, the subscribing witnesses to the within deed, having frequently seen each of the witnesses; that Jacob Michael is dead, and B. F. Logan has been a non-resident of the State for many years. Let this deed and certificate be registered.

              W. M. SHIPP, *J. S. C. L. and Equity.*

The defendants objected to the admission of the deed, on the ground of an insufficient proof of execution, not warranting registration. The objection was overruled, the deed received and read in evidence, and exception taken thereto.

*Mr. J. C. L. Harris,* for the plaintiff.
*Mr. D. G. Fowle,* for the defendants.

SMITH, C. J., (after stating the case). The correctness of this ruling alone need be considered in disposing of the defendants' appeal from the final judgment rendered for the plaintiff.

A deed cannot be used to support title to land until it is proved and registered, and only when this is done does the legal estate pass. This has been repeatedly ruled. *Hare* v. *Jernigan,* 76 N. C., 471; *Triplett* v. *Witherspoon,* 74 N. C., 475; *Rollins* v. *Henry,* 78 N. C., 342.

In *Carrier* v. *Hampton,* 11 Ired., 307, it was held, that proof

of the death of the subscribing witness, and that the signature is in his handwriting, was insufficient, in not stating on what ground his opinion was formed, nor by what means a knowledge of the deceased's handwriting had been acquired. This was overruled in *Barwick* v. *Wood*, 3 Jones, 306, and it was declared to be sufficient if the probate shows that the witness declared, in general terms, that he was " well acquainted with the handwriting," without showing how this knowledge was obtained; and this ruling is followed in *Davis* v. *Higgins*, 91 N. C., 382.

Where the evidence upon which the probate is adjudged is set out, and it appears to be essentially defective, the registration is void as such. *Howell* v. *Ray*, 92 N. C., 510.

Now, it is manifest that there has been not merely an insufficient probate, but no *probate at all*, of the signature of the subscribing witnesses, an indispensable prerequisite.

The witness proves his competency to testify to the genuineness of the signatures, and by supplying the evident ellipsis " write," after the words, "having frequently seen each of the witnesses," the means by which he became qualified so to testify, but he does not testify at all to the fact that the *signatures* to the deed are in the handwriting of the parties.

There is, therefore, a total failure to prove the execution of the deed, and the registration was unauthorized and void, and the admission of the deed as evidence is error.

The judgment must therefore be reversed, and a *venire de novo* awarded.

Error.