This is an action for the possession of land, in which there was a verdict and judgment for plaintiff, and defendant appealed. The record presents but two exceptions: First, the exclusion of the evidence as to the handwriting of Alexander Evans; second, the refusal to permit defendant to put in evidence a paper-writing purporting to be a copy of the will of David Averett. We do not think either one of these exceptions can be sustained.
It was not shown that Alexander Evans was clerk or that Richard Evans was deputy clerk of the Court of Pleas and Quarter Sessions in 1808. And although there was evidence tending to show that Alexander Evans was clerk and Richard Evans was deputy clerk in 1818, this did not create a presumption that they were such officers in 1808, ten years before that time. Lawson, Presumptive Ev., p. 190. But the paper produced purported to have been signed by "Richard Evans, Assistant Clerk," and not by Alexander Evans. And why it was that defendant wanted to offer evidence to prove the handwriting of Alexander Evans, we do not exactly see. But, be that as it may, we think the evidence offered was clearly incompetent. The witness offered had never seen Alexander Evans write, had never had any business correspondence (152) with him, but "that he had seen some old papers at home which were signed by Alexander Evans, Clerk, one an order of sale. I don't know that he was clerk or that he signed them. Don't remember the dates; they are very old papers and very much worn. I *Page 88 
have seen some handwriting said to be Alexander Evans'; don't know it myself."
Defendants proposed to hand to the witness the paper-writing "A," and ask him if the signature of Alexander Evans is in the same handwriting he has at home, and if it is the same he has seen, and which was said to be the handwriting of Alexander Evans. As the witness had never seen Alexander Evans write, and had not had any correspondence with him, the only way he could testify was as an expert. And it seems clear to us that he had not qualified himself to do this, even by a comparison of handwritings. But he had no standard to compare this paper with; the papers he had at home were not admitted to be in the handwriting of Alexander Evans, nor did they appear in the case or in any other way, so as to estop the plaintiff.Tunstall v. Cobb, 109 N.C. 316; S. v. Allen, 8 N.C. 6.
This disposes of defendant's first exception, and also of the second exception, so far as we can see. It could not be introduced as a certified copy under the statute (Code, sec. 1342); nor can it be introduced as color of title, as an ancient document, as an unregistered deed could be.Brown v. Brown, 106 N.C. 451; Davis v. Higgins, 91 N.C. 382. And although there was evidence tending to show that Burnett, through whom plaintiff derives his title, at some time said that "A" was a copy of David Averett's will, that would not make it competent evidence against the plaintiff; and certainly not unless it was shown that it was (153) made before he mortgaged to James. Headen v. Womack, 88 N.C. 468.
There is no error, and the judgment is
Affirmed.
Cited: Ratliff v. Ratliff, 131 N.C. 431.