CAROLINE FAW and others *v.* JAMES WHITTINGTON.

Where a defendant relies upon a renunciation of a contract, in relation to the sale of land by the plaintiff, it is his duty to make it out unmistakably, and that he himself had assented to it.

The acts and conduct constituting an abandoment by the vendee of his contract of purchase of land, must be positive, unequivocal, and inconsistent with the contract. Mere lapse of time or other delay in asserting his claim, unaccompanied by acts inconsistent with his rights, will not amount to a waiver or abandonment.

(*Crawley* v. *Timberlake*, 2 Ired. Eq. 460; *Falls* v. *Carpenter*, 1 Dev. & Bat. Eq. 287; *Dula* v. *Cowles*, 7 Jones 290; *Sugg* v. *Stowe*, 5 Jones Eq. 126, cited and approved.)

CIVIL ACTION, tried before *Cloud, J.,* at August (Special) Term, 1874, WILKES Superior Court.

The only issue submitted to the jury was, " Did Absalom Faw or the plaintiffs abandon or renounce the right to redeem the land described in the complaint."

There was evidence tending to show an abandonment, but no written evidence of any renunciation or abandonment.

The plaintiff asked the Court to instruct the jury " that the right to redeem was an interest in land, and could not be renounced or abandoned, surrendered or transferred by Absalom Faw, or plaintiffs, except by some writing." The Court declined to charge as requested, but told the jury they must consider all the evidence, and although there had been no evidence of any such surrender, abandonment or renunciation in writing, yet if they were satisfied that Absalom Faw or the plaintiffs had abandoned the right to redeem, they should so find; but unless the defendant had so satisfied them, they should not so find.

The jury rendered a verdict in favor of the defendant and judgment was given accordingly.

The plaintiff moved the Court for a new trial. The rule for a new trial was discharged, and the plaintiffs appealed.

21

*Folk & Armfield,* for appellant.
*Furches,* contra.

BYNUM, J.  So long as a contract foɪ the sale of land remains executory, either party to it has the right to enforce a specific performance of it against the other; and when such performance of the contract would be decreed against the original parties to it, it will be decreed between all claiming under them, if there are no intervening equities, controlling the case. If therefore Absalom Faw, the original party, could have called for a conveyance of the land from the defendent, then his heirs and widow, who are the plaintiffs in this action, and as such clothed with his rights, are entitled to the same relief. This is admitted by the defendant.  But he sets up the defence that Faw, in his life time, renounced and abandoned his right to redeem the land, and upon the trial below this issue was submitted to the jury, to-wit: "Did Absalom Faw, or the plaintiffs abandon or renounce the right to redeem the land described in the complaint ?"   It was admitted that there was no written evidence of any abandonment, and the counsel for the plaintiffs asked the Court to instruct the jury " that the right to redeem was an interest, and could not be renounced or transferred by Faw or the plaintiffs, except by some writing." This instruction was declined by the Court, and the jury were directed that "although there was no evidence of a renunciation or abandonment, in writing, yet if they believed that Faw or the plaintiffs had abandoned or renounced the right to redeem, they should so find."   Was this the proper instruction ?

The defendant had acquired the legal title and had agreed in writing to convey the land to Faw on the payment of the purchase money laid out by the defendant, and this contract had established between them the relation of the vendor and vendee, or mortgagor and mortgagee.  As under the statute, the vendee could acquire an interest in land by written agreement only, the general principle is that he can pass it in the same way only, else the effect would be to create a new con-

tract transferring an interest in land by parol only.  It cannot be denied that there may be a parol waiver or renunciation of many rights touching land, which are often secured by the written contract; as in *Crawley* v. *Timberlake*, 2 Ired. Eq. 460, where it was held that the purchaser, by his conduct, waived his right, under the contract, to covenants of title; or, as in *Burnett* v. *Brown*, 1 Jac. and Walk., 168, in which it was held that where a purchaser, after the delivery of the abstract, which disclosed a reservation of the right of sporting not before communicated to him, entered into possession and paid a greater part of the purchase money without objecting to the reservation, he was considered as having waived the objection, though he afterwards raised it, and he was compelled to a specific performance without a reference and without compensation.  In such cases, without hearing the purchaser's objections to the title, the Court will decree specific performance, holding the conduct of the party to be a waiver or renunciation of rights touching land, which he could otherwise have asserted.  But the statute has no application to stipulations inserted *in* the contract, which may be abandoned by parol without impairing the validity of the contract, as to the *corpus* of the land.  While the general rule is, that the same formalities are required by the Act to create and transfer an interest in land, a distinction is made between contracts to "sell or convey," which are the words used in the Act, Battle's Revisal, chapter 50, section 10, and contracts or agreements made between vendor and vendee, mortgagor and mortgagee, after that relation between them is established, and which are intended to terminate that relation.  In *Falls* v. *Carpenter*, 1 Dev. & Bat. Eq., 237, Falls held a bond for title and Carpenter held his notes for the purchase money.  Carpenter having the legal estate, sold to Burchet, with notice.  Upon a bill for specific performance, filed by Falls, the defendants took the ground that Falls, by his conduct, had abandoned his right to a specific performance.  But what acts on the part of Falls would have amounted to an

abandonment was not decided, because it was there held that the acts proved did not constitute such an abandonment as would forfeit his claim to a specific performance. But in that case it is clearly intimated by RUFFIN, C. J., that if Falls had surrendered to Carpenter the bond for title, and Carpenter had delivered up the notes and resumed his possession, these acts, or others equivalent thereto, would have constituted such an abandonment or renunciation ; or at least to the extent that the Court of Chancery would not have exercised its jurisdiction and decreed a specific performance, but would rather have left the party to his action at law. Such a renunciation, however, would seem to operate, not as passing an estate or interest in land, which cannot be done strictly under the Act without writing, but to operate as an equitable estoppel in the vendee to assert a claim to specific performance, where his conduct has misled the vendor intentionally. Assuming the law to be that a vendee can abandon by matter *in pais* his contract of purchase, it is clear that the acts and conduct constituting such abandonment must be positive, unequivocal and inconsistent with the contract. The mere lapse of time or other delay in asserting his claim unaccompanied by acts inconsistent with his rights, will not amount to a waiver or abandonment. What amounts to an abandonment is a question of law, but his Honor, in our case, did not submit the issue to the jury in that light, but left it to them, without proper instructions, to find both the law and facts. The instructions should have been that the contract is considered to have remained in force until it is rescinded by mutual consent, or until the plaintiffs do some acts inconsistent with the duty imposed upon them by the contract, which amount to an abandonment. *Dula* v. *Cowles,* 7 Jones, 290.

If the defendant relied upon a renunciation of the contract by the plaintiffs, it was his duty to make it out unmistakably, and that he himself had assented to it. No facts are set forth in the case from which this Court can see that there was an abandonment, but enough is alleged in the complaint and ad-

mitted in the answer to show that the rights of the plaintiffs had not been renounced by them or by mutual agreement of both parties. Time was not of the essence of the contract, and the defendant cannot rely on the statute, (Rev. Code, chap. 61, sec. 19,) which presumes the abandonment of the right of redemption after ten years, after forfeiture, or the right of action has accrued. By the extension of the time of performance by the defendant from time to time, the contract became a continuing one and neither party had been disabled from enforcing it.

The plaintiffs are therefore entitled to a specific performance of the contract upon payment by them of the money advanced by the defendant, and the value of such permanent improvements as he has put upon the land, and interest thereon, and he must account for the rents and profits he made or should have made upon the land while in his possession. *Sugg* v. *Stowe*, 5 Jones' Eq., 126.

The judgment is reversed and the case remanded, to the end that proceedings be had in accordance with the opinion in the Court below.

Per Curiam.                    Judgment accordingly.