WILLIAM B. BANKS v. MELISSA BANKS and others

*Abandonment of Claim to Land--Evidence.*

To constitute an abandonment or renunciation of a claim to property, there must be acts and conduct, positive, unequivocal, and inconsistent with a claim of title; ·

*Therefore*, where the land of plaintiff was sold at execution sale during his absence in the army and purchased by his mother, who represented that she was bidding for him, and afterwards plaintiff declined an offer from her that he should repay the purchase money and take a conveyance of the land, alleging that it was his; and afterwards she sold the land, the grantee having notice of plaintiff's claim; *Held*, in an action for the land, that plaintiff's refusal to pay the purchase money and take the title, did not operate as a renunciation of his claim, and that he was entitled to recover.

(*Rich* v. *Marsh*, 4 Ire Eq. 396 ; *Hill* v. *Whitfield*, 3 Jones, 120 ;  *Faw* v. *Whittington*, 72 N. C. 321, cited and approved.)

CIVIL ACTION for the Possession of Land, tried at Spring Term, 1877, of YANCEY Superior Court, before *Furches, J.*

While the plaintiff was absent in the army, his land was sold by the Sheriff at execution sale, and his mother, the defendant, Rachel Banks, became the purchaser. She conveyed to Ezekiel Banks, another son, who subsequently died, and the defendant, Melissa Banks, is guardian of his heirs-at-law, and defends this action for herself and as such guardian. The other facts necessary to an understanding of the points decided are stated by Mr. Justice BYNUM in delivering the opinion of this Court. Upon issues submitted and under the instructions given, the jury rendered a verdict for the plaintiff. Judgment. Appeal by defendants.

Messrs. *A. T. & T. F. Davidson*, for plaintiff.
Messrs. *Busbee & Busbee* and *W. H. Malone*, for defendants.

BYNUM, J.   The defendant, Rachel Banks, at the execution sale of her son's land, he being then absent in the army,

represented to the bidders that she was bidding for her said son's benefit, whereby she suppressed the biddings and purchased the land at an under-value and took the Sheriff's deed to herself. This constituted her a trustee of the land for the son. *Rich* v. *Marsh,* 4 Ire. Eq. 396; *Hill* v. *Whitfield,* 3 Jones 120.

Upon the return of the son soon after the sale, to wit, in the early part of 1863, the mother offered to convey the land to him on the re-payment of the purchase money. This he declined to do, alleging that the land was still his because it was not properly sold. Whereupon the mother in August of the same year sold and conveyed the land to Ezekiel Banks, another son, who purchased with notice of all the facts. Soon after this latter sale and during the same year, the plaintiff tendered to his mother the money and interest paid by her for the land, and demanded a conveyance which was declined. He is entitled to relief unless his first refusal to take the conveyance on the re-payment of the purchase money operated as a renunciation and abandonment of his equity. But clearly it did not have that effect. So far from renouncing his claim he insisted to his mother that the land was still his, and he claimed it, because it had been, as he alleged, improperly sold. To constitute an abandonment or renunciation of claim, there must be acts and conduct, positive, unequivocal and inconsistent with his claim of title. Nor will mere lapse of time or other delay in asserting his claim, unaccompanied by acts clearly inconsistent with his rights, amount to a waiver or abandonment: *Faw* v. *Whittington,* 72 N. C. 321, where the subject is discussed and the discussions in this State are reviewed and commented on. No such unequivocal renunciation appears in this case. There was no error in declaring that the defendants, the heirs of Ezekiel Banks, are trustees for the plaintiff, and that they shall by their guardian Melissa Banks re-convey the said lands by a proper deed to the plaintiff. It will be

observed that the decree of the Court below does not give the plaintiff a judgment for the excess of the rents over and above the purchase money and interest, and from this judgment the plaintiff does not appeal. From this we infer that the rents were balanced against the purchase money and interest, and that all excess of rents over the purchase money was remitted. This was proper, for it would have been hard measure to have demanded judgment for what appears to us as excessive damages in the way of rents as found by the jury.

There is no error.

PER CURIAM.                          Judgment affirmed.