J. S. MILLER et al. v. JOHN PIERCE.

*Contract— Vendor and Vendee—Statute—Frauds—Evidence.*

A written contract for the sale of land may be rescinded or abandoned
by parol, but, before the Courts will enforce such rescission or
abandonment, there must be shown something more than a mere
oral agreement of the parties; there must appear such positive
and unequivocal acts and conduct as are clearly inconsistent with
the contract.

This is a CIVIL ACTION, which was tried before *Boykin, J.,*
at February Term, 1888, of the Superior Court of ALEXANDER
County.

Thomas Miller, the ancestor of the plaintiffs, on the 8th
of May, 1858, executed to the defendant a bond for title,
covering the *locus in quo.* Under this bond the defendant
entered and has been in possession ever since.

The plaintiffs sue in ejectment, and the defendant insists
that he has paid the purchase money, and prays that a title
be made to him. There was no evidence of actual payment,
but he relies upon the presumption arising from possession
and lapse of time. There was evidence that the contract had
been rescinded by parol.

The following issues were, without objection, submitted to
the jury:

1. Has the defendant abandoned the contract evidenced
by the bond for title?

2. Has the defendant paid the amount of purchase money
of the land described in the bond for title?

The material part of the testimony is to be found in the
opinion.

The defendant contended that the contract could only be
rescinded by writing, and that, in law, it had not been aban-
doned.

There was a verdict on both issues for the plaintiffs, and from the judgment thereon the defendant appealed.

*Mr. D. M. Furches* (*Mr. C. H. Armfield* filed a brief), for the plaintiffs.
*Mr. M. L. McCorkle*, for the defendant.

SHEPHERD, J.—after stating the facts: The jury found that there was no actual payment of the purchase money, and that the contract of sale had been abandoned. If the latter' finding is correct, the question of presumption of payment is eliminated from the case, as there can be no presumption of the payment of a contract which has been rescinded. The sole question for our consideration is whether a written contract for the sale of land can be discharged by matter *in pais*. . This subject has been very much debated by the Judges of England, and, for a long time, their opinion upon the question was left in doubt. It is now, however, regarded as settled. Mr. Brown, in his work "On the Statute of Frauds," says: "And this opinion that a parol discharge of a written contract within the statute of frauds is available in equity to repel a claim upon that contract, to which the mind of Lord Hardwicke came so reluctantly, is since firmly established by many authorities." To the same effect is Greenleaf Ev., vol. I, 302; Phillips & Amos' Ev., 776; *Cumming* v. *Arnold*, 3 Met., 494.

The strong intimation of this Court in the same direction, in *Faw* v. *Whittington*, 72 N. C., 321, based, we think, upon correct reasoning, renders it unnecessary for us to discuss at length this interesting question. BYNUM, J., in that case, says: "While the general rule is that the same formalties are required by the 'Act to create and transfer an interest in land,' distinction is made between contracts to 'sell and convey,' which are the words used in the act" (Battle's Revisal,

ch. 50, § 10), "and contracts or agreements made between vendor and vendee, mortgagor and mortgagee, after that relation between them is established, and which are intended to terminate that relation."

While we are of the opinion that the contract may be discharged by matter *in pais*, there must, however, be something more than the mere oral agreement of the parties. "It is clear that the acts and conduct constituting such abandonment must be positive, unequivocal and inconsistent with the contract." *Faw* v. *Whittington, supra.* This requirement is fully met in the present case, as there is testimony tending to show that the vendee had been in the possession of the land for a great number of years as a tenant of the vendor and his representatives. There is, also, testimony of other acts inconsistent with the continuance of the contract.

There were no specific exceptions to the charge of his Honor, but we remark that he seems to have submitted the case to the jury with much fairness to the defendant. The only point which seems to have been made upon the issue in question is the one which we have discussed, and this issue having been properly found for the plaintiffs, it is unnecessary, as we have said, to examine the other exception.

Affirmed.