ELIZA J. LACKEY v. LEVI MARTIN.

*Action to Recover Land—Mortgage—Mortgagor and Mortgagee—Right of Possession.*

The owner of an equitable estate in land, by way of resulting trust, who conveyed the "legal and equitable estate" by way of mortgage, being entitled to redeem and to possession until foreclosure or entry by the mortgagee, may compel a conveyance of the legal estate by the holder.

CIVIL ACTION, tried before *Norwood, J.*, and a jury, at Fall Term, 1896, of CALDWELL Superior Court. In deference to the opinion of his Honor, that she could not recover, plaintiff suffered a non-suit and appealed.

*Mr. W. B. Councill, Jr.*, for plaintiff (appellant).
No counsel, *contra*.

MONTGOMERY, J.: The plaintiff, in her complaint, sufficiently alleges that she furnished to the defendant the money with which to buy for her the tract of land in Caldwell county, which is the subject of the action, and that he purchased the same but took the deed in his own name. The prayer is that the defendant may be compelled to convey the legal title and surrender to her the possession of the land. The defendant, on the trial, offered in evidence a mortgage executed by the plaintiff in 1879 to Linney & Welborne, which had never been foreclosed, and the same was admitted against the objection of the plaintiff. After the mortgage was received as evidence, the court intimated that the plaintiff could not recover for the reason that both the legal and equitable estate was conveyed in the mortgage by the plaintiff. There was judgment of non-suit and the plaintiff appealed.

There is error.  Whatever interest the plaintiff may have had in the land, whether legal or equitable, she conveyed in the mortgage subject to her right to redeem until foreclosure.  It cannot be that, because she conveyed both her legal and equitable estate in the mortgage, the mortgagee took her whole estate absolutely.  A mortgage is only a mortgage and not an absolute conveyance, and necessarily carries with it the right of the debtor to redeem the estate conveyed at any time before foreclosure; and the mortgagor is entitled to the possession of the land conveyed until the mortgagee forecloses, or by lawful demand or by due process of law enters.  The mortgagees here are not seeking to take possession.  It may be that they knew, at the time of the execution of the mortgage, of the condition of the title to the land, and on that account inserted the words "legal and equitable estate" in its provisions.

New Trial.