C. R. HEMMINGS v. J. M. DOSS.

(Decided December 5, 1899.)

*Mortgage—Parol Release—Statute of Frauds—Demurrer—Answer.*

1. The statute of frauds must be set up in the answer, and not by demurrer.
2. A verbal agreement to release a mortgage is not within the statute.
3. A defendant, by his statement and agreement, admitted in his demurrer, may subject himself to an equitable estoppel from asserting his claim for incumbrance against the plaintiff's land.

Mr. Justice CLARK states the case as follows:

Appeal from *Allen, J.,* at Spring Term, SURRY Court. The plaintiff filed an affidavit for a restraining order which is

treated as a complaint, wherein he alleged that the plaintiff was, in 1892, the owner of a tract of land, described in the complaint, and at the same time one J. A. Danally was the owner of a tract of land—this last tract was encumbered by a mortgage to the defendant. That Danally proposed an exchange of lands with plaintiff. Plaintiff refused to make the exchange unless defendant would relinquish his lien thereon. Defendant stated to plaintiff that he would relinquish his lien on Danally's land and take a lien on the land plaintiff should convey to Danally in its place. Plaintiff, relying upon this promise, exchanged lands with Danally, and executed to Danally a deed to his tract, conveying a fee simple title. After plaintiff and defendant had made their exchange of lands, defendant refused to relinquish his lien on Danally's lands, though Danally executed to defendant, as agreed, a mortgage on the land conveyed by plaintiff to Danally. That, in making the exchange, plaintiff relied entirely upon the promise of defendant to relinquish the lien. That, subsequent to the exchange of lands, defendant advertised the land conveyed to plaintiff by Danally for sale. That at this time Danally was the owner of the land conveyed to him by plaintiff. That on day of sale plaintiff was present and had made arrangements to buy the land and reimburse himself by taking a lien on the lands conveyed by him to Danally. That the sale was postponed without plaintiff's knowledge or consent, and in consideration of $1.00 paid defendant by Danally for 12 months. That before the time of extension expired, Danally sold the land and thereby made it impossible for plaintiff to protect himself. That at the end of the 12 months defendant again advertised the land for sale. By the false and fraudulent representations of defendant, plaintiff has been greatly damaged, and brings this suit to have the mortgage of defendant upon his lands cancelled.

125——26

The defendant demurred *ore tenus* that the complaint did not state facts sufficient to constitute a cause of action, in that the alleged contract and agreement between the plaintiff and defendant was by parol and void under the statute of frauds.· The Judge, being of that ˙ opinion, dissolved the restraining order and dismissed the action.

*Messrs. Carter & Lewellyn,* for appellant.
*Messrs. Glenn & Manly,* for appellee.

CLARK, J.    After stating the case.    There was error in the ruling below.    1. Advantage of the statute of frauds can not be taken in this State by demurrer, since that admits the contract.    The contract, though verbal, is valid and binding unless the invalidity by reason of the statute is set up by answer.    *Loughran v. Giles,* 110 N. C., 423; *Williams v. Lumber Co.,* 118 N. C., 928.

2. The statute of frauds, The Code, 1554, requires only contracts to "sell and convey" lands or interest therein to be in writing, and hence a verbal agreement to release a mortgage is not within the statute.    *Faw v. Whittington,* 72 N. C., 321; *Miller v. Pierce,* 104 N. C., 389; *Holden v. Purefoy,* 108 N. C., 163; *Joyner v. Stancill,* 108 N. C., 153; *Taylor v. Taylor,* 112 N. C., 27; *Sitterding v. Grizzard,* 114 N. C., 108.

3. Besides the above grounds, either of which is sufficient, the facts set out in the complaint and admitted by the demurrer constitute an equitable estoppel upon the defendant. *Gorrell v. Alspaugh,* 120 N. C., 362, 368.

It is true that the evidence of the parol discharge of a written contract within the statute of frauds, or an equitable estoppel by matter *in pais,* must be "positive, unequivocal and inconsistent with the contract," and if left to the jury

upon a denial in the answer, it must be with that instruction, but the allegation in the complaint is of that nature, and it is admitted by the demurrer.

In dissolving the restraining order and also in dismissing the action there was

Error.