Civil action to remove cloud from title and to restrain the defendant, as mortgagee, from executing a deed to the purchaser at a certain mortgage sale, it being alleged that the defendant orally agreed with plaintiff to release the land in question from her mortgage. The temporary restraining order was continued to the hearing, and the defendant appealed.
The essential facts and allegations of this case are as follows:
On 14 February, 1920, W. A. Stevens purchased a tract of land from his sister, Rena Turlington, executing and delivering to her his note and a mortgage on said land to secure the payment of the entire purchase price of the property. This mortgage was duly registered. Thereafter, on 23 March, 1920, the plaintiff, being desirous of purchasing a part of said land from his brother, W. A. Stevens, went to the defendant, his sister, and secured from her a verbal agreement to release that portion of the land which he wished to buy, from the operation of her *Page 193 
mortgage, and it is alleged that she promised to accept in lieu thereof a mortgage on another tract of land owned by their minor brother, J. Almon Stevens. Relying upon this understanding and agreement, plaintiff has taken a deed from his brother and paid to him $400 of the purchase price. J. Almon Stevens has prepared and tendered to the defendant a mortgage on his land as per agreement, but defendant has refused to accept same.
Defendant denies the making of any such verbal agreement, and, by way of answer, she pleads that, even if such promise were made, it is not in writing, and, therefore, it is not enforceable. Defendant contends that she is entitled to proceed with the foreclosure of her mortgage and to execute to the purchaser a valid deed therefor, default having been made in the payment of the debt, and the property having been sold on 14 February, 1923, after due advertisement under the mortgage.
The appeal presents a single question of law: Does an unexecuted verbal agreement, made by a mortgagee for a valuable consideration, to release a real-estate mortgage, come within the statute of frauds? If this be answered in the affirmative, the injunction should be dissolved; otherwise not. The question must be answered in the negative under authority ofHemmings v. Doss, 125, N.C. 400, and cases there cited. In Faw v.Whittington, 72 N.C. 321 (opinion by Bynum, J., it is said: "While the general rule is that the same formalities are required by the `Act to create and transfer an interest in land,' distinction is made between contracts to `sell and convey,' which are the words used in the act (Battle's Revisal, ch. 50, sec. 10), and contracts or agreements made between vendor and vendee, mortgagor and mortgagee, after that relation between them is established, and which are intended to terminate that relation."
There seems to be a sharp conflict in the decisions of the different States on this subject, depending on whether, in the given jurisdiction, a real-estate mortgage is regarded strictly as a conveyance of the land or as a mere incident to the debt. Browne on the Statute of Frauds (5th Ed.), sec. 267. In some of the States, notably Massachusetts and Maine, it is held that an oral promise made by a mortgagee to relinquish his claim to the mortgaged premises, comes within the statute of frauds and is void.Parker v. Baker, 2 Met. (Mass.), 423; Leavitt v. Pratt, 53 Me. 147.
On the other hand, this question has been decided differently in a number of jurisdictions, including North Carolina. Hemmings v. Doss, supra, and cases there cited; Wallis v. Long, 16 Ala. 738; Howard v. Gresham,27 Ga. 347; Southerin v. Mendum, 5 N. H., 420. *Page 194 
The principal considerations urged in support of this latter view, according to the general holdings, may be summarized as follows:
1. In respect to the rights of all persons except the mortgagee, who holds the legal title to the mortgaged premises, it is well settled that the mortgagor is to be considered as the owner of the land, with an estate therein which "may be devised, granted or entailed with remainders" (Lord Hardwicke), and which is subject to dower and to sale under execution.Weathersbee v. Goodwin, 175 N.C. 234; Willington v. Gale, 7 Mass. 138; Bispham's Equity, sec. 151; 27 Cyc., 1234.
2. It is further held that a mortgagee has no interest in the mortgaged premises which can be taken at law under attachment or general execution until the right to redeem is foreclosed. C. S., 677 and 807; Bowen v. King,146 N.C. 385; Johnson v. Whilden, 166 N.C. 104; S. c., 171 N.C. 153; Jones on Mortgages (6th Ed.), sec. 701; Freeman on Executions (3d Ed.), Vol. 2, sec. 184.
3. According to the rule now generally prevailing, if a mortgagee attempt to convey the land to any person other than the mortgagor, unless he at the same time transfer the debt secured by the mortgage, no estate will pass by his deed, though in some cases it may operate as an assignment of the mortgage. Aymar v. Bill, 5 Johnson's Ch. Rep. (N. Y.), 570; Greve v.Coffin, 14 Minn. 345; Johnson v. Cornett, 29 Ind. 59; Hubbard v.Harrison, 38 Ind. 341; Hill v. West, 80 Ohio, 222; Kent's Com., 194; 19 R. C. L., 345.
4. Where a testator, who holds lands in mortgage, by will devises all his real estate, the lands held in mortgage do not pass under such devise.Martin v. Smith, 124 Mass. 111. Nor would a surviving widow be entitled to dower in such lands. Nash v. Preston, 79 Eng. Rep., 767; Powell on Mortgages, sec. 733.
5. When a mortgagee transfers to another person the debt which is secured by the mortgage, this ordinarily carries with it the mortgage security, unless the parties agree otherwise. Jones v. Ashford, 79 N.C. 172;Hyman v. Devereux, 63 N.C. 624; Williams v. Teachey, 85 N.C. 402;Baber v. Hanie, 163 N.C. 588; Weil v. Davis, 168 N.C. 298.
6. Where a mortgagee dies, his interest in the mortgaged premises goes, not to his heirs, but to his personal representatives. C. S., 2578. They may discharge and release the same as provided by C. S., 2596.
7. And, finally, when the debt is paid, the title of the mortgagee is thereby extinguished, and all his interests in the land revert immediately to the mortgagor by operation of law. Porter v. Millet, 9 Mass. 101.
The decisions in this State are to the effect that, as between the mortgagor and the mortgagee, the legal title to the mortgaged premises is vested in the mortgagee, while the mortgagor is looked upon as the equitable owner of the land. This relative position continues until the *Page 195 
land is redeemed or until the mortgage is foreclosed. Prior to the day of redemption, or condition broken, the mortgagor may pay the money according to the terms of his contract, and thus avoid the conveyance at law. This is termed his legal right of redemption. After the special day of payment has passed, or default suffered, the mortgagor still has the right to redeem at any time prior to foreclosure. This is called his equity of redemption; and such right is regarded as a continuance, and not a change, of his old estate. Hemphill v. Ross, 66 N.C. 477; Parker v. Beasley, 116 N.C. 1; Adams Equity, sec. 114. Where there is no agreement to the contrary, certainly after default, the mortgagee is entitled to enter and to hold the land until redeemed; and he may maintain an action in ejectment therefor, even against the mortgagor himself. Weathersbee v. Goodwin, supra; Coor v.Smith, 101 N.C. 261; Kiser v. Combs, 114 N.C. 640; Capehart v.Dettrick, 91 N.C. 344; Wittkowski v. Watkins, 84 N.C. 457; Bruner v.Threadgill, 88 N.C. 361; Cunningham v. Davis, 42 N.C. 5.
Such rights are given to the mortgagee to enable him to protect his security, prevent waste, and keep the land from being lessened in value in any unlawful manner. In so far as it is necessary to accomplish these purposes, the mortgagee is considered and treated in law as the holder of the legal title; but otherwise his interests are viewed from a different standpoint. Lackey v. Martin, 120 N.C. 391.
In order to give a mortgagee the full benefit of the security and appropriate remedies for any violation of his rights, it may be said that he is treated as the owner of the land; but for other purposes the law looks beyond the mere form of the conveyance to the real nature of his interest, and treats his estate in the land quite differently from that of an estate in fee simple. For purposes other than those mentioned above, the mortgage is to be considered as an incident to the debt, which is the principal consideration; while for the purposes of security, in this jurisdiction, it is treated as a direct appropriation of the property.Capehart v. Dettrick, supra; Hyman v. Devereux, supra; Joyner v. Stancil,108 N.C. 154; Miller v. Pierce, 104 N.C. 389; Faw v. Whittington,supra. But until foreclosure, or at least until possession taken, the mortgage, as a general rule, is regarded in the light of a chose in action, to be dealt with according to the principles of equity. See opinion ofKent, C. J., in Jackson v. Willard, 4 Johnson's Rep. (N. Y.), 41; Sheldonv. Sill, 8 Howard, 441.
"At common law, a mortgage was a conveyance of land, sometimes in fee and sometimes of a lesser estate, with a stipulation called a clause of defeasance, by which it was provided that in case a certain sum of money were paid by the feoffor to the feoffee on a day named, the conveyance should be void, and either the estate should, by virtue of the *Page 196 
defeasance, revest in the feoffor or he should be entitled to call upon the feoffee for a reconveyance of the same." Bispham's Equity (9th Ed.), sec. 150.
In this State, mortgages are practically the same as at common law, with the exception of the mortgagor's equity of redemption and its incidents. We adhere to the doctrine that the legal title passes to the mortgagee, subject to the equitable principle that this passage of the legal title is primarily by way of security for the debt, and that for all other purposes the mortgagor is regarded as the owner of the land. Gorrell v. Alspaugh,120 N.C. 362; Weil v. Davis, 168 N.C. 298.
But it is the contention of the defendant in the instant case that her mortgage is a purchase-money mortgage, executed simultaneously with her deed to W. A. Stevens, and, therefore, it is of a higher dignity than an ordinary mortgage given to secure the payment of a debt created in some other manner. It is generally held that when a vendor conveys property and simultaneously takes back a mortgage to secure the payment of all or a part of the purchase price, and such mortgage is at once registered, the title to the property conveyed does not rest in the purchaser for any appreciable length of time, but merely passes through his hands, without stopping, andvests in the mortgagee. During such instantaneous passage, no lien of any character held against the purchaser, dower or homestead right, can attach to the title, superior to the right of the holder of the purchase-money mortgage. Humphrey v. Lumber Co., 174 N.C. 520; Hinton v. Hicks,156 N.C. 24; Bunting v. Jones, 78 N.C. 242.
This does not change the relative position of mortgagor and mortgagee as between the vendor and purchaser of the land, but it simply gives to the holder of the purchase-money mortgage priority or precedence over other claims and liens held against the vendee, not upon the ground of any superior equity in the vendor or mortgagee as such, but simply upon the ground that the two instruments, having been executed simultaneously, are regarded in law as concurrent acts or as component parts of a single act.Moring v. Dickerson, 85 N.C. 466; Weil v. Casey, 125 N.C. 356.
It will be observed that this suit is not between the mortgagor and the mortgagee; but A. F. Stevens, plaintiff herein, is a purchaser of the land for value, and he alleges that in buying the property he relied upon the defendant's promise to release the same from the operation of her mortgage. This, under authority of Gorrell v. Alspaugh, 120 N.C. 362, if found to be a fact, would constitute an equitable estoppel against the defendant.Miller v. Pierce, supra.
It may be well to note that evidence of a parol discharge of a written contract within the statute of frauds, or of an equitable estoppel by *Page 197 
matter in pais, must be "positive, unequivocal, and inconsistent with the contract." Faw v. Whittington, supra; Miller v. Pierce, supra. Here the allegations of the verified complaint, and other evidence offered, are of such character; but the credibility of such evidence, of course, on the hearing, will be a matter for the jury. Shell v. Roseman, 155 N.C. 90.
From the foregoing it follows that his Honor properly continued the restraining order to the hearing.
Affirmed.