O. E. BELL v. H. S. BROWN AND WIFE, GLADYS B. BROWN.

(Filed 9 April, 1947.)

**1. Appeal and Error § 29—**

Assignments of error not brought forward in the brief are deemed abandoned. Rules of Practice in the Supreme Court, No. 28.

**2. Specific Performance § 4—**

Where, in an action for specific performance, defendants admit the execution of the option, the burden is on defendants to prove rescission or abandonment of the agreement when relied on by them as a defense.

**3. Appeal and Error § 38—**

Where the charge of the court is not brought forward in the record, it will be presumed to be without error.

**4. Contracts § 14: Vendor and Purchaser § 13: Frauds, Statute of, § 9—**

A written contract, even though involving an interest in land, may be rescinded or abandoned by parol.

**5. Same—**

The rescission or abandonment of a written contract involving an interest in land must be shown by positive and unequivocal acts and conduct which are clearly inconsistent with the contract.

**6. Same—**

If an optionee, after the execution of the instrument giving him the right to purchase a residence upon its completion at a stipulated price, requests alterations in the plans which materially increase the cost of construction, he is guilty of conduct inconsistent with the continuance of the option to purchase for the amount stipulated, and such conduct is sufficient to support the optionor's contention that the optionee verbally released him from the option prior to the making of the alterations.

**7. Same—**

The evidence disclosed that during construction of a residence, alterations materially increasing the cost were made at the request of optionee. The evidence was conflicting as to whether such alterations were made before or after the execution of the option. *Held:* The conflicting evidence was properly submitted to the jury upon the optionor's contention that the optionee verbally released him from the agreement.

APPEAL by plaintiff from *Carr, J.,* at November Term, 1946, of ONSLOW.

This is an action for specific performance. It is admitted that plaintiff and the defendant, H. S. Brown, executed an agreement on 25 September, 1943, whereby the plaintiff agreed to rent from H. S. Brown for a period of three years, certain property in Richlands. The lease was to commence upon the completion of the residence then under construction on the property. On the same day the parties executed an option, under the terms of which, the plaintiff was given the right to purchase the property at any time before the expiration of the lease, for the sum of $6,000.00, less the amount paid as rent, under the terms of the lease.

It is further disclosed by the record that the defendant, H. S. Brown, entered civilian employment in the U. S. Navy, before the residence was completed. He employed J. W. Jones to finish the job. The plaintiff

took possession of the property 1 February, 1944, although the residence was not entirely finished. The total rent for the three years under the terms of the lease, was $2,700.00, and was payable upon completion of the residence. After the plaintiff had paid H. S. Brown $2,500.00, the plaintiff discovered that the property was owned by H. S. Brown and his wife, Gladys B. Brown, as tenants by the entirety and the defendants admit this form of ownership. Whereupon, the plaintiff informed J. W. Jones that Mrs. Brown would be required to sign the lease and option before the final payment of $200.00 would be made. Jones obtained the execution of the original lease and option by the defendant Gladys B. Brown, on 24 August, 1944, and thereafter delivered both instruments to the plaintiff and collected the balance due under the terms of the lease.

It is admitted that plaintiff requested the defendants to execute a conveyance to him for the property, on 25 February, 1946, and that the defendants refused to do so.

The defendants allege as a further answer and defense that subsequent to the execution of the lease and option referred to herein, the plaintiff and the defendant, H. S. Brown, agreed orally to cancel the option, and as a result of the cancellation of the option, the defendant, H. S. Brown, at the request of the plaintiff, changed the plans for the proposed residence and expended between $1,500.00 and $2,000.00 more in the construction thereof than was originally contemplated.

The defendants admit that Gladys B. Brown signed the lease and option, on 24 August, 1944, but they allege her signature was obtained by false and fraudulent representations.

At the close of the evidence the plaintiff made a motion for a directed verdict. Motion denied and plaintiff excepted.

Issues were submitted and answered as follows:

"1. Did the plaintiff release the defendant Horace S. Brown from the option dated 25 September, 1943, as alleged in the Answer. Answer: Yes.

"2. Did the plaintiff procure the execution of the paper writings dated 25 September, 1943, by the defendant, Gladys B. Brown, by false and fraudulent representations, as alleged in the Answer? Answer: ................"

Judgment was entered on the verdict. The plaintiff appeals, assigning error.

*Warlick & Ellis for plaintiff.*
*J. A. Jones for defendants.*

DENNY, J. The appellant only presents in his brief, this question: Was the plaintiff entitled to a directed verdict upon the evidence? His

remaining assignments of error will be considered as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562.

The admissions in the trial below eliminated all matters in controversy between the parties, except whether or not the plaintiff had released the defendant, H. S. Brown, from the option dated 25 September, 1943, and whether or not the signature of the defendant, Gladys B. Brown, to the option and lease, was obtained by false and fraudulent representations.

The execution of the lease and option having been admitted by the defendants, the burden of proof on the issues submitted rested upon them. *Faust v. Rohr,* 167 N. C., 360, 83 S. E., 622. And since the charge of the court is not brought forward in the record, it is presumed to have been given correctly in all respects. *S. v. Hill,* 223 N. C., 753, 28 S. E. (2d), 99; *S. v. Wilson,* 218 N. C., 769, 12 S. E. (2d), 654; *S. v. Hargrove,* 216 N. C., 570, 5 S. E. (2d), 852.

The plaintiff insists the evidence is insufficient to support the verdict and is relying on the cases of *Faw v. Whittington,* 72 N. C., 321, and *Miller v. Pierce,* 104 N. C., 389, 10 S. E., 554. In *Faw v. Whittington, supra,* the question involved was one of abandonment rather than of waiver or rescission by parol. In *Miller v. Pierce, supra,* it is said: "While we are of the opinion that the contract may be discharged by matter *in pais,* there must, however, be something more than the mere oral agreement of the parties." There was evidence in that case that the contract had been rescinded by parol and evidence also of other acts inconsistent with the continuance of the contract.

However, it is said in *May v. Getty,* 140 N. C., 310, 53 S. E., 75: "It is now settled that the parties to a written contract may, by parol, rescind or by matter *in pais* abandon the same. *Faw v. Whittington,* 72 N. C., 321; *Taylor v. Taylor,* 112 N. C., 27; *Holden v. Purefoy,* 108 N. C., 163; *Riley v. Jordan,* 75 N. C., 180; *Gorrell v. Alspaugh,* 120 N. C., 362." *Faust v. Rohr, supra; Public Utilities Co. v. Bessemer City,* 173 N. C., 482, 92 S. E., 331; *Danville Mfg. Co. v. Gallivan Building Co.,* 177 N. C., 103, 97 S. E., 718; *Wells v. Crumpler,* 182 N. C., 350, 109 S. E., 49.

It would seem from an examination of our decisions that while a written contract, involving an interest in land, may be waived or rescinded by parol, but in the absence of a mutual agreement, an abandonment, or waiver of such a contract is to be inferred only from such positive and unequivocal acts and conduct as are clearly inconsistent with the contract. *Aiken v. Atlantic Insurance Co.,* 173 N. C., 400, 92 S. E., 184. "Assuming the law to be that a vendee can abandon by matter *in pais* his contract of purchase, it is clear that the acts and conduct constituting such abandonment must be positive, unequivocal and inconsistent with the contract. The mere lapse of time or other delay in asserting his claim unaccompanied by acts inconsistent with his rights,

will not amount to a waiver or abandonment," *Faw v. Whittington,* *supra.* *R. R. v. McGuire,* 171 N. C., 277, 88 S. E., 337; *Wells v. Crumpler, supra; Mfg. Co. v. Lefkowitz,* 204 N. C., 449, 168 S. E., 517; *Furniture Co. v. Cole,* 207 N. C., 840, 178 S. E., 579; *Miller v. Teer,* 220 N. C., 605, 18 S. E. (2d), 173.

*Stacy, C. J.,* in speaking for the Court, in *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210, said: "It may be well to note that evidence of a parol discharge of a written contract within the statute of frauds, or of an equitable estoppel matter *in pais,* must be 'positive, unequivocal, and inconsistent with the contract.' *Faw v. Whittington, supra; Miller v. Pierce, supra.* Here the allegations of the verified complaint, and other evidence offered, are of such character; but the credibility of such evidence, of course, on the hearing, will be a matter for the jury."

The evidence of the plaintiff tends to show that substantially all of the changes in the plans for the construction of the residence, were made prior to the execution of the lease and option. While the defendant offered evidence tending to show that plaintiff informed the defendant, H. S. Brown, that he was not interested in buying the property and pursuant to this understanding the defendant, who was a contractor, made changes in the plans at the request of the plaintiff and his wife and expended between $1,500.00 and $2,000.00 more in constructing the residence than would have been required for its completion according to the original plans. If the changes were made after the execution of the lease and option, at the request of the plaintiff and his wife, and such changes involved a substantial increase in the cost of the residence, as contended by the defendants, such request would have been inconsistent with the continuance of the option to purchase for a stipulated amount.

We think the evidence bearing on the waiver or rescission of the option, although sharply conflicting, was sufficient to carry the case to the jury on the first issue. The jury has decided the issue in favor of the defendants, and upon this record the plaintiff is not entitled to his motion for a directed verdict in his favor.

The result will not be disturbed.

No error.