ALLEN L. HAYES AND WIFE, CAROLYN Y. HAYES v. WILLIAM T. GRIFFIN AND WIFE, PEARL T. GRIFFIN

No. 7220SC12

(Filed 23 February 1972)

1. Contracts § 18; Vendor and Purchaser § 11— option contract — abandonment or waiver

In the absence of a definite parol recision or abandonment of rights under an option contract, an abandonment or waiver of such rights is to be inferred only from positive and unequivocal acts and conduct which are clearly inconsistent with the contract.

2. Vendor and Purchaser § 11— option contract — cancellation — conduct of party to option — instructions

In this action for specific performance of an option contract for the sale of land, the trial court did not err in failing to instruct the jury that an option could be cancelled by conduct which naturally and justly led the other party to believe that the option provisions had been waived, where there was no evidence of acts or conduct by plaintiffs which would justify the jury in finding that plaintiffs had positively and unequivocally acted inconsistent with the contract, and defendants made no objection to the only issue submitted to the jury as to whether the option was cancelled by subsequent oral agreement.

---

---

**3. Husband and Wife § 3— agency of husband for the wife**

No presumption that the husband is acting as agent for the wife arises from the mere fact of the marital relationship.

**4. Husband and Wife § 3 —agency of husband for the wife — instructions**

The trial court did not err in failing to instruct the jury that as a matter of law plaintiff husband was acting as agent for plaintiff wife, that question having properly been submitted to the jury.

APPEAL by defendants from *Long, Judge,* 31 May 1971 Session of Superior Court held in UNION County.

The pertinent facts may be summarized as follows. On 19 May 1970, the plaintiffs, Mr. & Mrs. Allen L. Hayes, instituted an action against the defendants, Mr. & Mrs. William T. Griffin, seeking specific performance of an option contract signed under seal by the defendants on 25 July 1969. This contract granted the plaintiffs a right and option until 1 December 1969 to purchase from the defendants a certain tract of land (approximately 110 acres) lying in Marshville Township, Union County, North Carolina. The defendants in their answer admitted execution of the option and further admitted that plaintiffs tendered payment and requested a conveyance of the land according to its provisions. However, defendants alleged as a defense that plaintiffs made an oral cancellation of the option in September, 1969.

The jury found for its verdict that the option agreement had not been cancelled by subsequent oral agreement as alleged by defendants. The trial court ordered defendants to specifically perform the contract by conveying to plaintiffs the land in question upon the payment to the defendants of the stipulated purchase price. Defendants appealed.

*Thomas and Harrington, by L. E. Harrington, for plaintiffs.*

*James E. Griffin for defendants.*

BROCK, Judge.

Defendants' answer and evidence at trial, and the thrust of their arguments on this appeal, are centered upon their contention that plaintiffs had cancelled the option to purchase the tract of land by subsequent oral agreement.

Defendants bring forward eight assignments of error, but in their brief they abandoned three of these—numbers 1, 6 and 8.

In defendants' second and third arguments (assignments of error numbers 2 and 3 respectively), they contend that the trial judge committed error when he instructed the jury that the issue was whether this option agreement was cancelled by the subsequent oral agreement. Defendants maintain that they did not receive the full benefit of law in the charge in that an option could be cancelled when the prospective purchaser waived said option by conduct which naturally and justly lead the other party to believe that the option provisions have been waived.

[1, 2]  In the absence of a definite parol recision or abandonment of rights under an option contract, an abandonment or waiver of such rights is to be inferred only from positive and unequivocal acts and conduct which are clearly inconsistent with the contract. *Bell v. Brown,* 227 N.C. 319, 42 S.E. 2d 92. In our opinion, there is no evidence in this case of acts or conduct by plaintiffs which would justify the jury in finding that plaintiffs had positively and unequivocally acted inconsistent with the contract. Therefore, no instruction by the judge upon this principle of law was required.

We note also that defendants' pleading and the issue submitted to the jury referred only to an oral cancellation. The issue was as follows:

"Was the option agreement marked Court's Exhibit # 1 cancelled by subsequent oral agreement as alleged in the defendants' answer?"

Defendants lodged no objection to the issue as submitted and they did not tender other issue; therefore, no question of abandonment or waiver by conduct was required to be presented. These assignments of error are overruled.

Defendants' argument number four is an interesting recommendation for expository speaking, but we do not agree that the instruction complained of was misleading. In our opinion, there is no reasonable cause to believe that the jury was misled or misinformed on the burden of proof.

Defendants' final argument (assignments of error numbers 5 and 7) is based on the contention that Allen L. Hayes

was the agent of his wife. They argue that the trial judge should not have left the jury free to determine whether the husband was acting as agent for the wife. In effect, the defendants contend that the judge should have peremptorily instructed the jury that the husband was the agent for the wife.

[3] No presumption that the husband is acting as agent for the wife arises from the mere fact of the marital relationship, *Sheppard v. Andrews*, 7 N.C. App. 517, 173 S.E. 2d 67, but rather there must be proof of the agency. *Beaver v. Ledbetter*, 269 N.C. 142, 152 S.E. 2d 165. The evidence in this case would justify, but does not impel the jury to find that Allen L. Hayes was acting as agent for his wife.

[4] Defendants rely upon the holding in *Dobias v. White*, 240 N.C. 680, 83 S.E. 2d 785, to support their contention that the court should declare as a matter of law that Allen L. Hayes was acting as agent for his wife. We do not interpret *Dobias* as supporting defendants' argument. In the first place, the facts in *Dobias* are so substantially different from those of the instant case that the two cases are distinguishable on the facts alone. In the second place, the language in *Dobias* relied upon by defendants is simply *obiter dictum*. Appellants in *Dobias* abandoned their assignment of error relative to a finding of agency by the trial court; therefore, no discussion of the agency question was necessary to a decision in the case. In the third place, in *Dobias* the parties waived trial by jury and the trial judge was acting as a "finder of facts" when he found that the husband was acting as agent for the wife. He did not rule as a matter of law. In the instant case, the trial judge submitted the question to the jury for it to find the facts from the evidence. In doing so he did not commit error.

No error.

Judges HEDRICK and VAUGHN concur.