TOMMY B. LANCASTER, MILDRED H. LANCASTER, BRYANT FRED LANCASTER AND LUTHER HOLLAND v. LUMBY CORPORATION, CHARLEY COGGINS AND WIFE, LINDA C. COGGINS

No. 8522SC130

(Filed 5 November 1985)

**Vendor and Purchaser § 1.4— action to enforce option to buy land—summary judgment for plaintiffs proper—no abandonment or breach of option**

    Summary judgment was properly entered for plaintiffs in an action to enforce an option to buy land upon which a restaurant building was situated where defendants admittedly gave plaintiffs a five-year option in 1974; extended the option in 1976 until 1 June 1984, with a purchase price after 31 May 1979 of $180,000; and plaintiffs notified defendants on 19 March 1984 that they were exercising the option and tendered a certified check for $180,000. Plaintiffs did not abandon or breach the option when one plaintiff neither agreed with nor refuted a statement in 1981 that the option was no longer in effect; the provisions plaintiffs allegedly breached were oral lease provisions; nothing in the evidence suggested that the validity of the option hinged upon plaintiffs'

compliance with the lease; and the evidence failed to show a breach of the written or oral lease provisions.

APPEAL by defendant from *Davis, James C., Judge*. Order entered 29 October 1984 in Superior Court, IREDELL County. Heard in the Court of Appeals 14 October 1985.

*Barnes, Braswell & Haithcock, by Henson P. Barnes, and Homesley, Jones, Gaines & Fields, by T. C. Homesley, Jr., for plaintiff appellees.*

*Hunter, Wharton & Howell, by V. Lane Wharton, Jr., and Joslin, Culbertson & Sedberry, by John K. Culbertson, for defendant appellants.*

PHILLIPS, Judge.

Plaintiffs sued to enforce an alleged option to buy certain land in Iredell County upon which a restaurant building is situated that some of the plaintiffs have had under lease since 1974. At a hearing following the completion of discovery and the taking of several depositions, the court entered an order of summary judgment requiring defendants to convey the land to the plaintiffs Tommy B. Lancaster, Bryant Fred Lancaster and Luther Holland upon receiving $180,000, less the rental collected since 20 March 1984, if any. The order was correctly entered and we affirm it.

The defendants admittedly did the following: On 12 April 1974, they gave plaintiffs Tommy B. and Mildred H. Lancaster a five-year written option to buy the land and building involved, including the restaurant fixtures and furnishings, for $200,000, less certain rental payments thereafter made; on 14 December 1976, they extended the option period in writing until the first day of June 1984 and provided that if the optionees elected to buy the property after the 31st day of May 1979 the price would be $180,000; on 1 March 1977, they consented in writing to the assignment and transfer of both the original option and the extension to plaintiffs Tommy B. Lancaster, Bryant Fred Lancaster and Luther Holland, who still hold them. Defendants also concede that on 19 March 1984 plaintiffs Tommy B. Lancaster, Bryant Fred Lancaster and Luther Holland notified defendants in writing that they were exercising their option to buy the property involved and tendered to them a certified check in the amount of $180,000,

which defendants rejected. This evidence plainly establishes that plaintiffs Tommy B. Lancaster, Bryant Fred Lancaster and Luther Holland had an enforceable option to buy defendants' property and exercised it within the time allowed and in the manner agreed to. Thus, no genuine issue of material fact remained for the court to try and the judgment declaring that plaintiffs were entitled to have defendants deed the property to them was properly entered. While defendants admit executing the various documents referred to, they claim that the documents are no longer in effect because plaintiffs had abandoned and waived their rights to exercise the option, and had breached the option terms. Neither claim is supported by evidence.

While an abandonment or waiver. of rights under a written option or other contract can be established by oral evidence, as the defendants correctly maintain, such evidence must be positive, unequivocal, and inconsistent with the contract. *Bell v. Brown*, 227 N.C. 319, 42 S.E. 2d 92 (1947). An abandonment of contract rights cannot be inferred from acts that are ambiguous or equivocal. *Hayes v. Griffin*, 13 N.C. App. 606, 186 S.E. 2d 649 (1972). No evidence is recorded that any of the plaintiffs ever stated or suggested that the option either had been or would be abandoned; or that plaintiffs ever took any positive step or committed any positive act that was incompatible with the continued existence of the option. The evidence that defendants contend support an inference that plaintiffs intended to abandon the option is that in 1981 the defendant Charlie Coggins, without explaining why or going into detail, told plaintiff Luther Holland that he did not feel that the option was still in effect, and Holland neither agreed with nor refuted the statement. Such is not the law, and no court decision or other authority suggesting that it is has been called to our attention. Under the circumstances that existed Holland's silence signified only that he did not care to argue with Coggins about the continued validity of the option. Coggins was neither the custodian nor arbiter of plaintiffs' option rights, and if his comment had any purpose, or was calculated to lead to any action by either party, the evidence does not disclose it. A holder of valuable contract rights does not lose them by remaining silent when a mere opinion is expressed that the rights no longer exist.

Defendants' other contention is not that the evidence raises an issue as to plaintiffs' breach of the written option; it is rather that the option and lease agreement between the same parties are integrated documents and that plaintiffs violated the terms of the latter. Both instruments are clear and nothing in either suggests that the validity of the option hinges upon plaintiffs complying with the terms of the lease; but even if that was not the case no evidence that plaintiffs breached the written lease is recorded. Furthermore, when sifted down, defendants do not contend that any particular clause in the written lease was breached; the contention really is that plaintiffs violated certain oral provisions. Though these latter provisions have no legal effect, since they would violate the parol evidence rule, the evidence fails to show that any of them were breached either. One purported breach was the plaintiffs' failure to extend the original lease in 1976 after orally agreeing to do so; but a duly executed extension of the lease through the 31st day of May 1984 is in the record. The other purported breaches are of similar vintage and substance; for the evidence clearly establishes that even if they occurred defendants waived them by accepting the lease benefits for at least seven years thereafter and only claimed that they were breaches after plaintiffs exercised their option to buy the property.

Affirmed.

Judges WELLS and WHICHARD concur.