BENJAMIN F. STILLY and wife *vs.* MYER RICE, Ex'r.

Where an executor buys property at his own sale, either directly or indirectly, such sale will (as of course) be set aside at the instance of the parties interested.

The agent who bids in the property at such sale is not a necessary party in a proceeding to set it aside.

This was a petition to set aside a sale of land heard before *Moore, J.,* at Fall Term, 1871, of PITT Superior Court.

The following statement was signed by the presiding Judge : " This cause coming on for further direction upon the complaint, answer and proofs, the Court proceeded to hear the cause, and after argument finds the facts to be : That the testator of the defendant Myer Rice died seized of two separate

tracts of land which he directed in his last will and testament to be sold by said executor, Myer Rice: that said executor exposed to sale both tracts together, in consequence of which the land did not bring more than one half of its real value, and that said land was bid off by the wife of the executor. The Court doth further find that there was a collusion between the executor and his wife and James A. Garland, the auctioneer, for the purpose of defrauding the plaintiffs and preventing competion among bidders. The conduct of said executor on the day of sale, was calculated, and was intended, and did discourage competition among bidders. The Court doth thereupon order and adjudge that the sale of the real estate heretofore made by the defendant Myer Rice, as executor of Thomas Wiggins, be set aside, and that said Rice proceed to sell, at the court house door in Greenville, the real estate devised to be sold, in seperate tracts upon a credit of twelve months &c. &c.

The cause retained for further orders.

From the foregoing order the defendant Myer Rice appealed to the Supreme Court.

*Phillips & Merrimon,* for the plaintiff.
*Warren & Carter* and *Batchelor* for defendant.

PEARSON, C. J. There is no error in the order made in the Court below, of which the defendant can complain; the facts found establish that the executor either directly or indirectly attempted to buy property at his own sale. Such dealings have always met with the disapprobation of the Courts, and are, as of course, set aside at the instance of the parties interested in the fund.

The only exception to the ruling of his Honor that the learned counsel in this Court could suggest, was that the wife of the executor having bid in the property, was a necessary party. This exception is not tenable. The wife could not make a contract or bid except as the agent of her husband, and

the agent is not a necessary party. In our case, there is not only the agency implied by law, but the executor in his answer admits, that " he had determined before the sale, that if the lands did not bring more than he regarded as a fair value for them, he would have them bid off for his own benefit."

The facts show, that the executor is not a fit person to make the sale of the land, and it also appears that many articles of personal property were bid in by the executor, or by his wife, or by other persons, for his benefit. There is also, from the evidence, probable cause to believe that many articles of personal property were not exposed to sale, but were sent up to the garret as things belonging to the wife of the executor.

The decree in the Court below will be modified, so that the Judge in the Court below, instead of ordering the sale to be made by the executor, shall order it to be made by some fit person to be selected by the Court. The decree will also be modified, so that the order of reference may direct the clerk in stating the account of the executor, to charge him with the full value of every article of personal property bought by him, or for him, directly or indirectly, and of any article of personal property belonging to the testator, which was not sold. Costs to be paid by appellant.

PER CURIAM.　　　　　　　　　Judgment accordingly.