GEORGE F. COLE, Administrator of CAROLINE COLE, v. W. T. STOKES, Executor of THOMAS STOKES.

*Trustee and Cestui que Trust—Dealings Between—Presumption of Fraud—Burden of Proof.*

1. Transactions between a trustee and his *cestui que trust* are viewed with extreme jealousy, and a presumption of fraud arises when a trustee undertakes to purchase the trust property from the *cestui que trust.*

2. In order that such a purchase may stand, it is necessary, not only that the price paid be fair and reasonable, but that it appear that the fiduciary relation has ceased, or, at all events that all necessity for activity in the trust has ceased, so that the trustee and *cestui que trust* are each at liberty, without the concurrence of the other, to consult, and able to vindicate his own interest, and that the beneficiary had full information and complete understanding of all facts concerning the property and the transaction itself and the person with whom he was dealing, and gave a perfectly free consent, and that the trustee made to the beneficiary a perfectly honest and complete disclosure of all knowledge or information possessed by himself ; therefore,

3. Where, in the trial of an action by an administrator (who was the sole heir and distributee of his intestate) against the executor of an estate in which plaintiff's intestate was interested, to recover the share to which his intestate was entitled, it appeared that the defendant executor had purchased from the plaintiff, before the latter's qualification as administrator, all his interest in the estate controlled by defendant, the jury should have been instructed upon an issue relating to fraud that a presumption of fraud had arisen which put upon the defendant the burden of proving everything to have been fair and honest.

CIVIL ACTION, tried before *Bryan, J.,* and a jury, at August Term, 1892, of PERSON Superior Court.

As a defence to the action for the recovery of the share of Thomas Stokes, alleged to be due the plaintiff's intestate, the executor of Thomas Stokes, set up an assignment, not under seal, dated May 1, 1890, by which plaintiff conveyed

to the defendant in his own right the interest in the estate of said Stokes, to which the plaintiff, being the sole heir and distributee of his wife, was entitled, including a tract of land devised to plaintiff's wife by the testator.

At the date of the assignment plaintiff had not qualified as administrator of his wife, and as the answer alleged, there were no debts owing by her.

The defendant made his settlement of the estate of Thomas Stokes before the Clerk, on the 6th of June and the 9th of October, 1890.

In reply, the plaintiff contended that the sum paid him was for the tract of land, and not intended to cover the interest of his wife in the personal estate of Stokes, and that the defendant perpetrated a fraud upon him in obtaining such conveyance and in withholding from him full information as to the value of the interest of plaintiff's intestate.

The issues submitted and the responses were as follows:

1. Was the deed and release of May 1, 1890, executed by Geo. F. Cole procured by fraud and misrepresentation? Answer: "No."

2. What was the value of the interest of Geo. F. Cole on May 1, 1890, in the real estate under the will of Thomas Stokes?   Answer: " $282.50."

3. What was the value of the interest of Geo. F. Cole in the personal estate under the will of Thomas Stokes? Answer: " $609.99."

4. Did W. T. Stokes, in paying for the conveyance made to him by Geo. F. Cole, use the money of the estate; and if so, how much?   Answer: "Not any."

His Honor, in his charge to the jury, stated, " that the burden in this case is on the plaintiff, and the Court charges you that the allegations material to establish the charge of fraud must be proven so as to produce belief of their truth in the minds of the jury."

There was judgment on the verdict for the defendant, and plaintiff appealed, assigning error in the charge, as above stated.

*Messrs. Boone & Parker* and *W. W. Kitchin,* for plaintiff (appellant).
*Messrs. J. W. Graham* and *V. S. Bryant,* for defendant.

SHEPHERD, C. J.: In order to dispose of this appeal, it is only necessary to determine whether there was error on the part of his Honor in charging the jury that the burden was upon the plaintiff to establish the fraud alleged in the replication and embodied in the first issue.

The plaintiff is the administrator and sole distributee and heir of his deceased wife Caroline Cole, and he brings this action against the defendant, who is the executor of Stokes, deceased, to recover the amount due his intestate under the will of her father, the said Stokes. The defendant denies his liability and relies upon a deed executed to him by the plaintiff on May 1, 1890, conveying to the defendant all of the plaintiff's interest, real and personal, in the said estate. At the time of the execution of the above mentioned deed the defendant had not made his final settlement as executor, and the fiduciary relation therefore still existed between him and the plaintiff. It is well settled that an executor or administrator in dealing with the estate, and with those who are interested therein, is regarded as a trustee, and as such is subject to that principle which raises a presumption of fraud against him when he undertakes to purchase the trust property from his *cestui que trust.* In respect to purchases of trust property, real or personal, directly or indirectly, from himself, whether privately or at auction, the law considers them invalid; and, says PEARSON, J., in *Brothers* v. *Brothers,* 7 Ired. Eq., 150, even if the trustee "gives a fair price, the *cestui que trust* has his election to treat the sale as a nullity," and this "not

because there *is*, but because there *may be* fraud." *Patton* v. *Thompson*, 2 Jones Eq., 285 ;· *Stilley* v. *Rice*, 67 N. C., 178 ; *Froneberger* v. *Lewis*, 79 N. C., 426 ; *Gibson* v. *Barbour*, 100 N. C , 192. In respect to purchases, as in this case, from the *cestui que trust*, the Court of Chancery, in the time of Lord ERSKINE, seemed much inclined to impose a total disability on the trustee. This view, however, did not prevail, and his power to so contract is not absolutely prohibited, though, remarks RUFFIN, J., in *Boyd* v. *Hawkins*, 2 Dev. Eq., 195, the restrictions imposed " almost extinguish it." He further observes that such transactions are viewed with anxious jealousy, and that " it must appear that the relation has ceased, at least that all necessity for activity in the trust has terminated, so that the trustee and *cestui que trust* are two persons, each at liberty, without the concurrence of the other, to consult his own interest, and capable of vindicating it; or that there was a contract definitely made, the terms and effect of which were clearly understood, and that there was no fraud or misapprehension, and no advantage taken by the trustee of the distress or ignorance of the other party. The purchase must also be fair and reasonable. *Coles* v. *Trecothick*, 9 Ves., 246 ; *Fox* v. *Macreath*, 2 Bro. C. C., 400. These cases are not allowed to turn on nice inquiries whether it might not possibly be for the benefit of the *cestui que trust* to make that particular contract rather than none at all, but when there is a fair judicial doubt, as some of the cases express it, whether the trustee has not availed himself of his confidential situation to obtain selfish advantage, the contract cannot stand."

Lord ELDEN said, in *Coles* v. *Trecothick, supra*, " that a trustee may buy from the *cestui que trust*, provided there is a distinct and clear contract, ascertained to be such after a jealous and scrupulous examination of all the circumstances, that the *cestui que trust* intended the trustee should buy, and there is no fraud, no concealment, no advantage taken by

the trustee of information acquired by him in the character of trustee." Again, it is said "that the trustee must show that he took no advantage whatever of his situation, and that he gave to his *cestui que trust* all the information which he pos-sessed." *Fox* v. *Macreath, supra;* White & Tudor L. C. Eq., 261, note. Mr. POMEROY says that the trustee must show by "unimpeachable and convincing evidence that the bene-ficiary, being *sui generis,* had full information and complete understanding of all facts concerning the property, and the transaction itself, and the person with whom he was dealing, and gave a perfectly free consent, and that the price was fair and adequate, and that he made to the beneficiary a perfectly honest and complete disclosure of all knowledge or informa-tion * * * possessed by himself, or which he might with reasonable diligence have possessed," etc. 2 Pom. Eq. Jur., 958; Hill on Trustees, 237; Bispham Eq., sec. 237; *Davine* v. *Faumey,* 2 John Ch., 251; *Baxter* v. *Costin,* Busb. Eq., 262; *McLeod* v. *Bullard,* 86 N. C., 210; *Adkins* v. *Withers,* 94 N. C., 581.

The foregoing extracts are reproduced for the purpose of showing the nature and strength of the rule which equity has laid down for the protection of *cestuis que trust* when con-tracting with their trustees, and we are very clearly of the opinion that the principle applies in all its rigor to the pres-ent case. It was not contended that the trust was closed when this transaction took place, and the instrument set up in bar of the plaintiff's recovery is not, as insisted, a mere release, but most essentially a conveyance of the plaintiff's entire interest in the estate, both real and personal. Under these conditions the presumption of fraud arose, and the jury should have been so instructed. The fact that the plaintiff's lawyer was present and advised him in the matter is one of the circumstances to be considered in rebuttal of the pre-sumption, but does not prevent the application of the pre-sumption itself. Whether a full and complete disclosure was

made to the plaintiff's lawyer—whether, indeed, the defendant's lawyer, who made the purchase for him, had been put into possession of all the circumstances by his client (and this seems doubtful), and whether, in consideration of the place and manner of the settlement, the means of inquiry were at hand, are elements to be considered in determining whether the trustee had placed himself in a condition to purchase of his *cestui que trust*, but, as we have seen, they do not prevent the operation of the presumption of fraud, so as to shift the burden of proof.

We have examined with much care the cases cited in behalf of the defendant, and are entirely satisfied that they do not conflict in the slightest degree with the principles above stated.   There was error in placing the burden upon the plaintiff, instead of the defendant.

New Trial.