LILLIE LEE JOHNSON, DECEASED; FRANK JOHNSON, EXECUTOR OF THE ESTATE OF DECEASED PLAINTIFF; FRANK JOHNSON INDIVIDUALLY; CALVIN JOHNSON AND WIFE, FRANCES R. JOHNSON; MAGGIE JOHNSON GARNER; MITTIE JOHNSON KIMBALL AND HUSBAND, EDWARD LEE KIMBALL; MINNIE JOHNSON STEELE AND HUSBAND, ALFRED STEELE; LOLA JOHNSON McDOWELL AND HUSBAND, NEAL McDOWELL; TED V. JOHNSON AND WIFE, FRANCES JOHNSON; JAMES D. JOHNSON AND WIFE, LELA JOHNSON; J. JUNIOR WARD AND WIFE, MARGIE WARD; AND DOROTHY JOHNSON BAITY v. CHARLES H. BROWN, SR., MANUS C. DUFFY AND FERNANDE BENNETT, TRUSTEES, AND BENEFICIAL MORT-GAGE CO. OF NORTH CAROLINA

No. 8318SC1294

(Filed 18 December 1984)

1. Appeal and Error § 6.2— partial summary judgment—remaining issues dependent on issue determined—immediately appealable

In an action arising from the transfer of real property, an order of partial summary judgment placing title to the disputed property in one plaintiff for the estate of another affected a substantial right and was immediately appealable where each of the remaining claims was dependent on the determination of title. G.S. 1-277 (1983), G.S. 7A-27 (1981), G.S. 1A-1, Rule 56(b).

2. **Trusts § 16— parol trust—allegations of fraud, deceit, undue influence not re-peated in amended complaint—parol trust not available**

   Plaintiffs could not rely on a parol trust to defeat title to real property where allegations of fraud, deceit, and undue influence were made in the original complaint but not in an amended complaint.

3. **Frauds, Statute of § 6.1— not applicable to agreement to release trustee from obligation to reconvey real property**

   An oral agreement to release defendant trustee from his agreement to hold real property in trust and to reconvey it to one of the plaintiffs was bind-ing because the Statute of Frauds does not apply to contracts to abrogate or abandon a contract to convey. G.S. 22-2.

4. **Trusts § 19— release of trustee's promise to reconvey real property—summary judgment improper**

   Summary judgment should not have been granted for plaintiff beneficiary where she had released the right to demand reconveyance of real property by the trustee because there were issues of fact as to whether the beneficiary had a full and complete understanding of the transaction, whether the considera-tion paid was fair and adequate, and whether the transaction was in the best interest of the beneficiary. G.S. 36A-66 (Cum. Supp. 1983).

5. **Lis Pendens § 1; Registration § 1— trustee's unrecorded promise to reconvey —lis pendens—title affected only by lis pendens**

   Record title will not be defeated by a trustee's unrecorded promise to reconvey, but a lis pendens indexed prior to sale results in the third party pur-chaser's title being dependent upon the determination of the trustee's title. G.S. 47-18(a) (1976), G.S. 1-117 (1983), G.S. 1-118 (1983).

APPEAL by defendants from *Wood, William Z., Judge.* Judg-ment entered 19 October 1983 in GUILFORD County Superior Court. Heard in the Court of Appeals 25 September 1984.

Lillie Lee Johnson, now deceased, was the plaintiff in the original complaint, filed in this action on 27 September 1978, the action having been commenced on 12 September 1978 by filing of summons and order extending time to file complaint. A notice of lis pendens was also filed on 12 September 1978. Dorothy Baity, now a plaintiff, was named as the defendant in the original com-plaint. By amendment filed 14 November 1978, defendant Charles Brown, Sr. was added as a party defendant. By stipulation, the amendment to the complaint, filed 14 November 1978, was desig-nated as the amended complaint. By order of the trial court en-tered 6 December 1979, the executor and heirs of Lillie Lee Johnson, then deceased, were substituted as parties plaintiff in the action.

This amended complaint alleged, in summary, that Lillie Lee Johnson, age 82, was the mother of Dorothy Baity. Johnson was the owner of property located at 409 Willard Street in Greensboro. On 5 September 1978, a deed to said property purportedly from Johnson to Baity was filed in the Guilford County Registry. The deed was dated 9 November 1977. Baity resided with Johnson for about six months prior to November 1977. Johnson at no time intended to deed her property to Baity, but if Johnson did execute and deliver a deed to Baity, the deed was procured by the fraud, deceit, or undue influence of Baity. Johnson demanded that Baity "return" her property to her, but Baity refused. On 12 September 1978, after Johnson initiated this action and filed notice of lis pendens, Baity deeded the property to defendant Brown, whose deed was recorded in the Guilford County Registry. At the time the property was deeded to him, Brown was aware of Johnson's claim that she was the owner of the property and entitled to it. Johnson sought to have the deed set aside and the property reconveyed to her.

Baity and Brown answered; Brown also cross-claimed for reimbursement for the value of his bargain and for the cost of improvements, repairs, insurance, and taxes.

On 11 June 1981, plaintiffs and then defendant Baity filed a stipulation of settlement, wherein it was agreed that at such time as all claims against Brown were finally determined, plaintiffs would take a voluntary dismissal as to Baity, who agreed to execute and deliver to Johnson's executor a quit claim deed to the Willard Street property. By a consent order entered 30 November 1981, Baity was added as a party plaintiff to the action.

On 9 March 1982, the trial court (Judge Kivett) entered an order in which it was noted that in June 1981 Brown encumbered the Willard Street property by a deed of trust. The trial court allowed plaintiffs time to add Beneficial Mortgage Company as a defendant and ordered plaintiffs to file an amended complaint to include all their claims for relief, to be responded to by all defendants, including Beneficial. On 2 November 1982, the trial judge (Judge Beaty) entered an order adding Beneficial and Manus Duffy and Fernande Bennett, trustees, as parties defendant.

Plaintiffs complied with the trial court's order by filing an amended complaint on 3 November 1982, thereby establishing the

new procedural basis of the civil action. This amended complaint alleged, in essence, that (1) plaintiff Baity had taken title under an oral trust, (2) defendant Brown received title under a written trust providing that he would reconvey to plaintiff Baity on request, but had refused to reconvey, (3) defendant Brown was not an innocent purchaser for value because he had actual and constructive notice of the disputed title prior to his deed, and (4) defendant trustees and defendant Beneficial were not innocent purchasers for value because both defendants had constructive notice of the civil action by lis pendens. All defendants answered the 3 November 1981 amended complaint. Defendant Brown alleged that he had purchased the property from Baity and, in the alternative, counterclaimed against plaintiffs seeking reimbursement of purchase price and cross-claiming against defendant Beneficial seeking judgment for the amount of the note. Plaintiff Baity separately replied to defendant Brown's counterclaim raising the Statute of Frauds, lis pendens, and equitable estoppel as defenses. Plaintiffs, except Baity, also answered raising essentially the same defenses. Defendant Beneficial answered defendant Brown's cross-claim, and cross-claimed against defendant Brown for the amount of the note. Defendant Brown replied to defendant Beneficial's cross-claim alleging effective mortgage insurance as an affirmative defense.

Plaintiff Baity and defendant Brown moved for summary judgment. The trial court granted partial summary judgment to plaintiff Baity, restoring record title in plaintiff Baity, as trustee for the Johnson estate, voiding the deed from Baity to Brown, and cancelling of record the deed of trust from defendant Brown to defendant trustees. Brown's motion for summary judgment was denied. Plaintiffs' demand for an accounting from defendant Brown, defendant Brown's counterclaim against plaintiffs and cross claim against defendant Beneficial, and defendant Beneficial's cross claim against Brown were not part of the order granting summary judgment.

Defendants appealed.

*Anne R. Littlejohn, Hunter, Hodgman, Greene, Goodman & Donaldson, by Richard M. Greene, and Boone, Higgins, Chastain & Cone, by Peter Chastain, for plaintiffs.*

*J. C. Barefoot, Jr., and Smith, Patterson, Follin, Curtis, James & Harkavy, by Marion G. Follin, III, for defendants.*

WELLS, Judge.

Defendant Brown assigns error to the trial court's grant of partial summary judgment. He argues that (1) the fee simple conveyance from Johnson to plaintiff Baity could not, as a matter of law, be subject to a parol trust, (2) plaintiff Baity had released all rights in the property for valuable consideration, (3) the Statute of Frauds is inapplicable to the executed oral conveyance from plaintiff Baity to defendant Brown, (4) if the Statute of Frauds was applicable, defendant Brown's deed and checks to plaintiff Baity were a sufficient memorandum of sale, and (5) plaintiff Baity's transfer did not violate the Uniform Trust Act. Defendant trustees and defendant Beneficial also assign error to the trial court's grant of summary judgment. Their arguments generally parallel those made by defendant Brown. They additionally argue that they are innocent purchasers for value because the plaintiff's lis pendens was ineffective as to them as there is no evidence in the record that it was properly cross-indexed in the chain of title. We reverse the trial court's order and remand for trial on the issues detailed herein.

[1] The threshold question in this case is whether an appeal from the partial summary judgment is properly before this court. Even though plaintiff has not raised this issue on appeal, appellate courts must dismiss an appeal ex mero motu if no right of appeal exists. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980), *appeal dismissed*, 301 N.C. 92 (1981) (analytical framework for analysis of summary judgment appeal). When the trial court enters partial summary judgment on "fewer than all the claims . . . [and on] rights and liabilities of fewer than all the parties" appellate review is permissible only "as expressly provided by these rules or other statutes." N.C. Gen. Stat. § 1A-1, Rule 54(b) of the Rules of Civil Procedure (1983). N.C. Gen. Stat. §§ 1-277 (1983) and 7A-27 (1981) provide for appellate review of an interlocutory or final judgment if a substantial right is effected.

We hold that the trial court's entry of partial summary judgment placing title of the property in dispute in plaintiff Baity for the estate of Lillie Lee Johnson, cancelling plaintiff Baity's deed to defendant Brown, and cancelling the deed of trust from defendant Brown to defendant trustees effected a substantial right within the meaning of the statutes. Having adjudged the issue of

title, the only issues remaining to be adjudicated were plaintiff's claims for (1) punitive damages against defendant Brown, (2) an accounting by defendant Brown as to rents and profits accrued during his possession, (3) defendant Brown's counterclaim for payments made to plaintiff Baity, improvements, taxes and insurance payments for the property, (4) defendant Brown's cross claim against defendant trustees for cancellation of the deed of trust and defendant Beneficial for the amount of the note, and (5) defendant Beneficial's cross claim against defendant Brown for the balance of the note. Each of these remaining claims depends on the determination of title to the property.

We now proceed to the question of the propriety of summary judgment in this case.

> The entry of summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' G.S. 1A-1, Rule 56(c). The burden of establishing the absence of any genuine issue as to a material fact rests on the moving party. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392. If the other party opposes the motion with evidentiary materials which indicate the existence of a genuine issue of material fact, or if the movant's own supporting materials suggest the existence of such an issue, then the motion must be denied. *Kidd v. Early, supra.*

*Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977).

The forecast of evidence in this case may be summarized as follows. Johnson, who was residing in a nursing home, had attempted to sell her residence. Immediate efforts to sell the residence were unsuccessful and on 9 November 1977 Johnson deeded the property to Baity, with the knowledge of some plaintiff family members and on the advice of the listing real estate agent, because it would facilitate sale if Johnson became incompetent or died. Baity's deed was recorded on 5 September 1978.

On 12 September 1978, Baity deeded the property to Charles H. Brown, Sr. Baity conveyed the property to Brown because ownership of the property might reduce the amount of Social

Security disability benefits she was receiving. By a separate writing, entitled "Acknowledgment," Brown agreed to hold the property in trust, promising to reconvey the property to Baity or her assigns upon request. Brown's deed was recorded on 12 September 1978, but the "Acknowledgment" was never recorded.

After deeding the property to him, Baity directed Brown to rent the residence, the proceeds to be used for the benefit of Johnson. Net rental income was deposited in a local savings and loan account in the name of Brown and his daughter. Brown deducted expenditures for repairs and upkeep, including taxes and insurance, and a small service fee. Baity's Social Security benefits were later reduced, even though she had conveyed the property to Brown. Baity thereafter retained rents from the property for herself. Deposits to the savings and loan account were terminated and the remaining balance paid to Baity.

Johnson died on 30 March 1979. On 6 February 1980 the parties orally agreed to terminate the trust agreement and to release Brown from his obligation to reconvey. The consideration for the release was $15,000, with no interest, to be paid in monthly installments. Brown made monthly payments to Baity by check, listing the unpaid balance in the memorandum section on some of the approximately fifteen checks made after the alleged date of sale. The last payment was dated 8 April 1981, but Baity refused this and further payments tendered. Brown's version of this transaction was that Baity wanted him to have the property and agreed for that reason to release him from his promise to reconvey. Baity's version was that she may have entered into such an agreement, but if so, it was her request to Brown to reconvey the property to her which was refused by Brown and she felt she had no other choice in the matter.

Defendant Brown executed a deed of trust on 11 June 1981 to Manus Duffy and Fernande Bennett, trustees, in favor of Beneficial to secure defendant Brown's note to Beneficial in the amount of $17,529.52. The deed of trust was recorded on 17 June 1981.

[2] In analyzing the foregoing forecast of evidence in the light of applicable law, our beginning point is the deed of record from Johnson to Baity. In the original civil action by then plaintiff Johnson, she sought return of title, alleging fraud, deceit, and un-

due influence. The amended complaint of 3 November 1982, however, did not allege fraud, deceit, and undue influence. De-fendant Brown correctly asserts that because plaintiffs failed to assert these grounds in the amended complaint, plaintiffs cannot assert or rely on the parol trust entered into between Johnson and Baity to defeat Baity's title. Our supreme court has held that:

> [E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the ab-solute title, and giving clear indication on the face of the in-strument that such a title was intended to pass.

*E.g., Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028 (1909); *Best v. Perry,* 41 N.C. App. 107, 254 S.E. 2d 281 (1979).

[3] Under this forecast, for plaintiffs to prevail against Brown and Beneficial, their burden was to prove that Brown did not have title and thus could not convey good title to Beneficial. First, we hold that Baity conveyed her good title to Brown, subject only to his agreement to hold the property in trust and to reconvey to Baity. Next, we hold that Brown and Baity could enter into bind-ing oral agreement to release Brown from his trust and promise to reconvey. While N.C. Gen. Stat. § 22-2 (1965), commonly known as the Statute of Frauds, requires all contracts to convey any in-terest in land to be in writing and signed by the party to be charged therewith, our supreme court has held that the Statute of Frauds does not apply to contracts to abrogate or abandon a contract to convey. "The statute of frauds applies to the making of enforceable contracts to sell or convey land, not to their abrogation. As a consequence, an executory written contract to sell or convey real property may be abandoned or canceled by mutual agreement orally expressed." *Scott v. Jordan,* 235 N.C. 244, 69 S.E. 2d 557 (1952) (applying principal to equitable conver-sion interest); *see also Investment Properties v. Allen,* 283 N.C. 277, 196 S.E. 2d 262 (1973) (in context of lease); *Bell v. Brown,* 227 N.C. 319, 42 S.E. 2d 92 (1947) (in context of options).

[4] The forecast of evidence clearly showing that when Brown took title to the Willard Street property, he took it as trustee for Baity; and that until the purported release from the trust, Brown acted as Baity's trustee, appellees contend that Brown was ab-

solutely prohibited from "purchasing" the property from Baity, citing the provisions of N.C. Gen. Stat. § 36A-66 (Cum. Supp. 1983)[1] and *Trust Co. v. Johnston*, 269 N.C. 701, 153 S.E. 2d 449 (1967). G.S. § 36A-66 prohibits sales or transactions between trustees and *the trust*, not between trustees and beneficiaries of trust. *Johnston* involved a purchase by a trustee from the trust of trust property. In the case before us, the beneficiary was releasing the right to reconvey to the trustee. We hold, therefore, that in this case, we are guided by those cases dealing with transactions between trustees and beneficiaries of the trust. Such transactions are presumed fraudulent, *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961); *McNeill v. McNeill*, 223 N.C. 178, 25 S.E. 2d 615 (1943); *Cole v. Stokes*, 113 N.C. 270, 18 S.E. 321 (1893), and are voidable by the beneficiary unless the trustee can show by the greater weight of the evidence that the transaction was "open, fair, and honest," *McNeill v. McNeill, supra.* The criteria established in *Stokes*, which we adopt, are that the trustee must show that the beneficiary had a full and complete understanding of the transaction, that the consideration paid was fair and adequate, and that the transaction was in the best interest of the beneficiary.

Whether Baity and Brown entered into a binding agreement or contract to release Brown from his promise to reconvey is a question which must be answered by the trier of fact, and we therefore reverse the trial court's summary judgment in favor of plaintiffs as to Brown.

[5] Under these circumstances, Brown's title being the keystone to the legal relationship between these parties, summary judgment was improvidently entered in plaintiffs' favor against Beneficial. Should Brown not prevail at trial, then a determination must be made as to whether Beneficial was an innocent purchaser for value. Beneficial's record title would not be defeated by Brown's unrecorded promise to reconvey to Baity. N.C. Gen. Stat. § 47-18(a) (1976) provides:

(a) No (i) conveyance of land, or (ii) contract to convey, or (iii) option to convey, or (iv) lease of land for more than three

---

1. § 36A-66. Trustee buying from or selling to self.

No trustee shall directly or indirectly buy or sell any property for the trust from or to itself or an affiliate; or from or to a director, officer, or employee of such trustee or of an affiliate, or from or to a relative, employer, partner, or other business associate.

years shall be valid to pass any property interest as against lien creditors or purchasers for a valuable consideration from the donor, bargainor or lessor but from the time of registration thereof in the county where the land lies, or if the land is located in more than one county, then in each county where any portion of the land lies to be effective as to the land in that county.

As a result of the lis pendens filed in this action, however, Beneficial will be bound by the outcome of the determination of Brown's title. N.C. Gen. Stat. § 1-118 (1983) provides that

> From the cross-indexing of the notice of lis pendens only is the pendency of the action constructive notice to a purchaser or incumbrancer of the property affected thereby; and every person whose conveyance or incumbrance is subsequently executed or subsequently registered is a subsequent purchaser or incumbrancer, and is bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action. For the purposes of this section an action is pending from the time of cross-indexing the notice.

The lis pendens must be cross-indexed to the "Record of Lis Pendens" maintained by the clerk of superior court. N.C. Gen. Stat. § 1-117 (1983).

The original record on appeal discloses that the lis pendens was indexed on 21 September 1978.[2] Brown did not convey to Beneficial until 11 June 1981. While normally a party claiming to be an innocent purchaser for value has the burden of proof as to this status, in summary judgment the moving party carries the burden "[i]rrespective of who has the burden of proof at trial . . . to establish that there is no genuine issue of fact remaining . . . and that he is entitled to judgment as a matter of law." *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972). Status as an innocent purchaser for value is governed by the registration statute which:

---

2. The Register of Deeds notation of indexing is found on page 4 of the original record on appeal, lower right section. In printing the working copies used by the parties, the Court of Appeals' printer deleted the notation of indexing, apparently considering it a caption that the parties stipulated to be excluded from printing. Defendants, relying in good faith on working copies of the record on appeal, argued that the record did not disclose indexing of the lis pendens. The original record submitted by counsel is controlling.

[D]oes not protect all purchasers, but only innocent purchasers for value. . . . While actual notice of another unrecorded conveyance does not preclude the status of innocent purchaser for value, actual notice of pending litigation affecting title to the property does preclude such status. . . . [To be an innocent purchaser for value the party must have] had no actual notice, or constructive notice by reason of *lis pendens*, of pending litigation affecting title to the property.

*Hill v. Memorial Park*, 304 N.C. 159, 282 S.E. 2d 779 (1981) (citations omitted) (emphasis in original). Any actual or constructive notice of the pending litigation in this case would bind the purchaser having actual or constructive notice of the pending litigation.

The judgment of the trial court must be reversed and this case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges ARNOLD and HILL concur.